**EMPLOYERS CASUALTY COMPANY, Petitioner,**

v.

**George BLOCK, et ux., Respondents.**

No. C–6224.

Supreme Court of Texas.

Feb. 24, 1988.

Rehearing Denied Feb. 24, 1988.

Thomas H. Crofts, Jr., Groce, Locke & Hebdon, Damon Ball, Groce, Locke & Hebdon, San Antonio, for petitioner.

Jim Perkins, Frederick M. Hawk, Forester, Hawk & Ortiz, San Antonio, for respondents.

## OPINION ON REHEARING

MAUZY, Justice.

Our opinion of January 6, 1988 is withdrawn and the following is substituted.

This case involves a claim for insurance proceeds resulting from an alleged breach of an insurance contract. The trial court granted the homeowners' motion for directed verdict in regard to the insurer's wrongful failure to defend, but granted the insurer's motion for judgment notwithstanding the verdict and rendered a take-nothing judgment against the homeowners. A divided court of appeals reversed and rendered, holding that once the issue of wrongful failure to defend was determined against the insurer, the agreed judgment between the insured and the homeowners could not be collaterally attacked. Further, the court of appeals held that the insurer was precluded from contesting liability based upon a coverage question because it failed to affirmatively plead that the damaging event did not occur during the policy period. 723 S.W.2d 173. For reasons different from those expressed by the court of appeals, we affirm.

In 1977, Coating Specialists Inc. (CSI) installed a monoflex roof on a house in San

Antonio, Texas. George and Margie Block purchased the home in February 1978. In August of 1979, the Blocks discovered that the roof was leaking. CSI repaired the roof and resprayed it with plastic coating between September and November of 1979. No further leaking problems occurred until August 1980 when hurricane Allen caused heavy rainfall in the San Antonio area. Although the Blocks subsequently had their roof inspected and tried to have the leaking stopped, they were unsuccessful. In August of 1981, an inspector informed them that the roof needed to be repaired due to leaks which had allowed water to collect in the insulation and exterior walls of their house.

In June of 1982, the Blocks brought an action against CSI under the Deceptive Trade Practices Act and for breach of express and implied warranties. CSI had a Texas multi-peril policy of insurance issued by Employers Casualty Company (Employers Casualty). The policy insured CSI for property damage occurring between August 1, 1980 and August 1, 1981. CSI notified Employers Casualty of the suit, but Employers Casualty refused to defend on the ground that the damaging event had not occurred during the policy period.

The Blocks and CSI subsequently entered into a settlement agreement whereby an agreed judgment for $47,500 plus interest and attorneys' fees was rendered in favor of the Blocks. The agreed judgment also recited that the Blocks' house was damaged as a result of an occurrence on August 6, 1980, and that the damages were sustained as a result of the breach of warranties by CSI.

CSI then filed this suit against Employers Casualty, with the Blocks intervening as judgment creditors, for breach of the insurance contract alleging a wrongful failure to defend. Following a bench trial, the trial court held that Employers Casualty was liable for the costs CSI incurred in defending the Blocks' suit and for the damages sustained by the Blocks. However, at a subsequent hearing on a Motion for Judg-

ment, the trial court decided that CSI was required to prove the reasonableness of the agreed judgment, and rendered judgment that the Blocks should take nothing. The trial court granted both parties' motion for new trial.

Thereafter, CSI settled its claim against Employers Casualty for wrongful refusal to defend, and the Blocks proceeded to trial against Employers Casualty as judgment creditors and assignees of CSI. The basic issue before the trial court was the reasonableness of the damages recited in the agreed judgment. The jury answered issues finding the amounts reasonable. Employers Casualty filed a motion for judgment non obstante veredicto alleging that there was no jury finding that the damages in the agreed judgment were covered by the insurance policy. After notice and hearing, the trial court granted the motion and rendered judgment for Employers Casualty and that the Blocks take nothing. The Blocks timely appealed to the court of appeals.

With one justice dissenting, the court of appeals concluded that once it was determined that Employers Casualty wrongfully failed to defend its insured, Employers Casualty was barred from collaterally attacking the final agreed judgment. The court further held that those matters recited in the agreed judgment were binding and conclusive as against Employers Casualty in the present suit. Therefore, because the agreed judgment recited that the damage occurred on August 6, 1980, the court of appeals held that Employers Casualty could not contest that fact in this proceeding.

Additionally, the court of appeals held that the Blocks were not required to obtain a jury finding that their damage occurred during the policy period because Employers Casualty failed to affirmatively plead, as required by Tex.R.Civ.P. 94, that the damage did not occur during the policy period. The court of appeals further held that there was sufficient evidence to support an implied finding that the damaging event occurred within the coverage period.

While we agree with the court of appeals' conclusion that Employers Casualty was barred from collaterally attacking the agreed judgment by litigating the reasonableness of the damages recited therein, *Ranger Insurance Co. v. Rogers*, 530 S.W. 2d 162 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.), and *St. Paul Insurance Co. v. Rahn*, 641 S.W.2d 276 (Tex.App.—Corpus Christi 1982, no writ), we do not agree with its conclusion that the recitation in the agreed judgment that the damage resulted from an occurrence on August 6, 1980 is binding and conclusive against Employers Casualty in the present suit. The court of appeals' position is not consistent with existing case law. *See Hargis v. Maryland American General Ins. Co.*, 567 S.W.2d 923 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.).

In *Hargis,* two employees sued Hermetic Company, Inc. for damages they sustained, and Hermetic's insurer, Maryland American General, refused to defend Hermetic. The employees each obtained judgments against Hermetic. Subsequently, the employees and Hermetic sued Maryland to recover the amount of the judgments. Maryland asserted that it was not liable for the judgments because of policy exclusions which relieved it from liability. Hermetic and the employees contended that res judicata and collateral estoppel resulting from the judgments recovered by the employees against Hermetic prevented Maryland from litigating its policy defenses.

The court in *Hargis* held that the question of liability and of coverage are separate and distinct, and that the prior judgments establishing liability were not binding on Maryland as to the issue of coverage. *Hargis,* 567 S.W.2d at 927. Although *Hargis* dealt with judgments resulting from litigation, it is apparent that the reasoning of the court applies as much, if not more, to agreed judgments.

Part of the court of appeals' error arises from its failure to distinguish between collateral attack of a final judgment and collateral estoppel to relitigate specific issues.

"A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose." *Ranger Insurance Co. v. Rogers,* 530 S.W.2d 162, 167 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). Collateral estoppel refers to issue preclusion because it bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in the prior suit. *Bonniwell v. Beech Aircraft Corp.,* 663 S.W.2d 816, 818 (Tex.1984). Insofar as the coverage issue is concerned, both of these doctrines are inapplicable in the present case.

Since the agreed judgment between the Blocks and CSI does not establish coverage, Employers Casualty is free to contest coverage in the present suit since this does not constitute a collateral attack on the liability judgment. Whether the doctrine of collateral estoppel applies to a specific issue depends upon whether the fact determined in the prior suit was essential to the judgment in the prior suit, and whether the necessary requirement of privity exists between the parties. *Wilhite v. Adams,* 640 S.W.2d 875, 876 (Tex.1982). In the instant case, the recitation in the agreed judgment that the "Blocks sustained property damage to their residence as a result of an occurrence on August 6, 1980" was not essential in determining CSI's liability, and therefore was not a material issue in the agreed judgment. Likewise, in light of the fact that the respective positions of CSI and Employers Casualty regarding coverage were in conflict, no privity existed between the parties, thus precluding the application of the collateral estoppel doctrine. *See* Restatement (Second) of Judgments § 58(a) (1982). Therefore, we conclude that Employers Casualty should not be precluded from litigating the issue of coverage in the present case.

We further disagree with the court of appeals' holding that Employers Casualty was required under Tex.R.Civ.P. 94 to affirmatively plead that the damaging event was not covered under the provisions of the insurance contract. According to

Tex.R.Civ.P. 94, if an insurer issues a policy insuring against general hazards and the policy contains provisions limiting the coverage, the insurer must plead the limiting provisions if it intends to rely on them at trial. In this case, Employers Casualty issued a general liability policy to CSI. The policy specifically provided that it "applies only to bodily injury or property damage which occurs during the policy period." Although Employers Casualty only filed a general denial, it argued at trial that the Blocks' house was damaged before the policy became effective. The court of appeals erroneously held that Employers Casualty's failure to specifically plead that the damages occurred outside the policy period resulted in a waiver of that issue.

■ An insured cannot recover under an insurance policy unless facts are pleaded and proved showing that damages are covered by his policy. *See Royal Indemnity Co. v. Marshall,* 388 S.W.2d 176, 181 (Tex.1965); *Bethea v. National Casualty Co.,* 307 S.W.2d 323, 324 (Tex.Civ.App.—Beaumont 1957, writ ref'd); *Reserve Life Ins. Co. v. Crager,* 421 S.W.2d 697, 698 (Tex.Civ.App.—Beaumont 1967, no writ). As pointed out in the dissenting opinion of the court of appeals, the time of the insured's damages is a precondition to any coverage rather than an exception to general coverage. Thus, we hold that Employers Casualty's general denial placed the burden on the Blocks to prove that their house was damaged during the policy period.

We hold that the Blocks met their burden of proving that the damaging event occurred during the policy period which covered August 1, 1980—August 1, 1981. In the trial court, Mr. Block testified that after the repairs to the roof in 1979, no further leaking problems occurred until August 1980. He further stated that when he and his family returned from vacation in the second week of August, they discovered isolated leaks throughout the house. The uncontroverted testimony established that hurricane Allen struck Texas on August 6, 1980. Charles Worell, a home remodeling contractor hired by the Blocks to perform repairs on their home, testified that he was contacted by the Blocks concerning the roof leaks in August 1980, right after hurricane Allen had struck. Worell stated that he observed that the water standing under the wood floors was clear, rather than stagnant, which led him to conclude that the damage was caused by the rains associated with hurricane Allen.

■ In conformity with this testimony, issues were submitted to the jury reciting August 6, 1980 as the date of the occurrence. Among the objections to the court's charge raised by Employers Casualty was the complaint that there was no issue submitted inquiring as to whether the Blocks sustained damages to their home subsequent to the effective date of the policy. Based on the uncontroverted evidence outlined above, we conclude that there was no basis for submitting such issue to the jury. Only disputed issues must be submitted for the jury's determination. *Baker Marine Corp. v. Moseley,* 645 S.W.2d 486 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). In this case, there was uncontroverted testimony presented establishing August 6, 1980 as the date hurricane Allen struck Texas causing damage to the Blocks' home. In light of the fact that this date falls within the period of coverage, we hold that the trial court did not err in refusing to submit an issue regarding whether the damaging event occurred during the coverage period.

The judgment of the court of appeals is affirmed. Motion for rehearing is overruled.

PHILLIPS, C.J., not sitting.