**EDINBURG CONSOLIDATED I.S.D., et al., Appellants,**

v.

**INA, a/k/a Pacific Employers Insurance Company, C.I.G.N.A., Appellee.**

**No. 13–90–017–CV.**

Court of Appeals of Texas, Corpus Christi.

March 21, 1991.

William J. Quackenbush, Pena, Mc-Donald, Prestia & Ibanez, Edinburg, Larry Watts, Watts & Company, Lawyers, P.C., Houston, Robert E. De La Garza, Garcia & De La Garza, McAllen, for appellants.

Nancy Manderson, Coats, Yale, Holm & Lee, P.C., Houston, for appellee.

Before NYE, C.J., and HINOJOSA and SEERDEN, JJ.

## OPINION

HINOJOSA, Justice.

Appellants, Edinburg Consolidated Independent School District (ECISD) and Maru-ca Lopez, appeal by one point of error from a summary judgment in favor of Pacific Employers Insurance Company (Pacific Employers). We affirm.

The undisputed facts as established by the summary judgment evidence indicate that James Lopez [1], a school teacher, was terminated by ECISD on October 12, 1980. At his request, on January 27, 1981, the ECISD Board of Trustees held a hearing to review the termination. Lopez appeared with counsel. He argued that his termination was wrongful and requested reinstatement. On February 3, 1981, the Board confirmed the termination.

Lopez then filed a Petition of Review to the Texas Education Agency (TEA) on March 30, 1981. Again, he argued that his termination was wrongful. He requested reinstatement, back pay, other damages, and costs. A hearing was held in Austin on May 19, 1981 [2]. On October 6, 1982 the TEA, through its Commissioner, refused to find the termination wrongful.

On November 2, 1982, Lopez filed suit against the school district in federal court. The case was settled and an agreed judgment entered. The judgment assessed damages against ECISD for its termination and failure to rehire Lopez for the school years of 1981–84.

ECISD and Lopez then made a claim against appellee, Pacific Employers. When the claim was refused, Lopez and ECISD filed suit against Pacific Employers claiming coverage for the damages paid pursuant to the agreed judgment entered in federal court. Subsequently, Pacific Employers filed a motion for summary judgment against ECISD and Lopez asserting that the policy issued to ECISD did not cover the claims asserted by ECISD and Lopez. The trial court granted the motion for summary judgment.

During the times described above, EC-ISD was covered by two separate insur-

---

1. Maruca Lopez is his wife. Mr. Lopez died during this litigation.

2. These events took place prior to June 9, 1981, the effective date of the policy issued by appellee.

ance policies issued by different companies. Before June 9, 1981, ECISD was covered by an insurance policy issued by St. Paul Insurance Company. This policy was effective only until June 8, 1981. Immediately before the coverage with St. Paul Insurance Company ended, ECISD filed an application for insurance coverage with Pacific Employers for a "claims made" policy with a starting date of June 9, 1981. The relevant portion of the new policy provided:

### THE COVERAGE

I. ERRORS & OMISSIONS AND CLAIMS MADE CLAUSE:

   1. TO PAY ON BEHALF OF THE INSURED ALL SUMS WHICH THE INSURED SHALL BECOME LEGALLY OBLIGATED TO PAY AS "DAMAGES" AS A RESULT OF CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD:

   (A) by reason of any act, error, or omission in services rendered in the discharge of School District duties;

   .    .    .    .    .

PROVIDED ALWAYS THAT such act, error, omission, or such bodily injury due to corporal punishment happens:

   (A) during the policy period and CLAIM IS FIRST MADE DURING THE POLICY PERIOD, or

   (B) prior to the policy period provided that prior to the effective date of the policy:

   (1) the insured did not give notice to any prior insurer of such act, error, omission, or bodily injury due to corporal punishment; and

   (2) the insured had no knowledge of such act, error, omission, or bodily injury due to corporal punishment likely to give rise to a claim hereunder; and

   (3) CLAIM IS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD.

The application for insurance included the question: "Does any person proposed for this insurance have any knowledge of any pending Federal, State, or Local legal actions or investigations against the School, its board members or other employees?" ECISD answered: "Yes, No definite knowledge; but rumors are that a teacher whose contract was not renewed, (public hearing was held), may file suit." In an addendum ECISD further stated: "A teacher, James Lopez, was suspended and terminated after a public hearing because of lack of professional performance during the 1980/1981 school year. Possibility [sic] he may hire a lawyer and file suit."

Immediately after June 9, 1981, the effective date of the policy with appellee, ECISD notified a prior insurer, St. Paul Insurance Company, that Lopez had "registered a claim for wrongful dismissal" against ECISD. St. Paul Insurance Company defended ECISD in the federal suit and negotiated the settlement pursuant to its obligations under that insurance policy.

Subsequently, in a letter written to appellee, Pacific Employers, ECISD claimed appellee's policy covered damages arising from the termination of James Lopez. By a letter dated March 18, 1983, Pacific Employers denied coverage under the quoted section of the policy because ECISD's response to the question in the application for insurance indicated that it knew of the act, error or omission that caused the claim before the effective date of the policy.

The trial court agreed with Pacific Employers that ECISD had knowledge of the act, error, or omission likely to give rise to a claim prior to the effective date of the policy and granted Pacific Employer's summary judgment pursuant to § (B)(2) of the "provided always" clause of the insurance contract.

When reviewing a motion for summary judgment, the trial court and this court apply an identical standard: to determine whether the movant established as a matter of law that there is no question of

material fact. All evidence and inferences in favor of the non-movant will be taken as true. *Reilly v. Rangers Management Inc.,* 727 S.W.2d 527, 529 (Tex.1987).

■ Appellants attack the summary judgment on two grounds. First, they argue that the act or error likely to give rise to a claim was the failure to reemploy Lopez. This failure to reemploy, they argue, occurred during the policy period with appellee. In support, appellants refer us to the consent judgment entered in federal court specifying damages for Lopez's firing and the failure to reemploy. Second, they argue that the "claim" against the insured was the filing of suit in federal court, and not the administrative proceedings which occurred before the policy's effective date. They argue that the policy denies coverage only for "claims" in the nature of litigation pending prior to the policy period with appellee. Their position is that, because only administrative proceedings were pending prior to the policy period, the claim and the error occurred during the policy period when the litigation against ECISD was initiated after the TEA failed to order the School District to reemploy James Lopez.

Pacific Employers argues in response that the act, error, or omission likely to give rise to a claim was the firing of Lopez, and that Lopez made this claim before the policy period. It interprets the policy so that Lopez made his "claim" at the latest on March 30, 1981, when he filed the Petition for Review with the TEA. Thus, they argue that damages arising out of this transaction are not covered.

The dispositive issue in this case is whether ECISD had knowledge of the act or error likely to give rise to a claim prior to the policy period. The summary judgment evidence included the application for insurance. This document established that ECISD knew of Lopez's firing and that it was likely to result in litigation. The summary judgment evidence also included a letter from ECISD to St. Paul Insurance Company dated June 10, 1981, stating that prior to that time a "claim" had been "registered" against them.

Most of this dispute revolves around interpretation of the word "claim" as used in the policy. BALLENTINE'S LAW DICTIONARY 205 (3d ed. 1969), defines a "claim" as a "challenge of something, as a matter of right." BLACK'S LAW DICTIONARY 224 (5th ed. 1979) defines "claim" as a "Demand for money or property". WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY, 332 (2d ed. unabridged 1980), defines claim as "a demand for something rightfully or allegedly due; assertion of one's right to something."

Before the effective date of the insurance policy Lopez requested a hearing before the ECISD Board of Trustees to review his termination. He then appealed to the Texas Education Agency, and a hearing was held. In his petition to the TEA he specifically prayed for reinstatement, back pay, and damages. Any reasonable interpretation of the word "claim" unambiguously encompasses these actions.

■ Even if we accept appellants' proffered interpretation of the word "claim" as the filing of suit, it is clear that they knew of the act which was likely to give rise to some sort of litigation before the policy's effective date. Thus, before the effective date of the policy, ECISD knew of the act which gave rise to the "claim", and the fact that it would probably result in litigation.

Appellants further support their position by arguing that the "act" or "error" they are claiming compensation for was the failure to rehire Lopez during the policy period. In support, they point to the agreed judgment entered in federal court which specifies damages for ECISD's failure to rehire Lopez. We reject this argument.

■ Self-serving recitations of non-essential facts in an agreed judgment bind only parties and privies. *Employers Cas. Co. v. Block,* 744 S.W.2d 940, 943 (Tex. 1988). All others are free to contest such statements.

Appellee was not in privity with appellants; rather, they were adversaries. *See id.* Moreover, the recitations in the agreed judgment were not essential facts found by the federal court. Thus, appellee is free to contest these recitations. In addition, as pointed out above, the firing and ensuing administrative proceedings prior to the policy period were sufficient to give ECISD knowledge of an act or error likely to give rise to a claim under the policy. Thus, they are barred from recovery by the unambiguous terms of the policy.

The judgment of the trial court is AFFIRMED.