**Judy Ann BAZE, et al., Appellants,**

v.

**MARINE OFFICE OF AMERICA CORPORATION, et al., Appellees.**

**No. 13–90–455–CV.**

Court of Appeals of Texas, Corpus Christi.

March 5, 1992.

The trial court granted summary judgment in favor of a co-tortfeasors' insurance company based on an interpretation of *Beech Aircraft Co. v. Jinkins*, 739 S.W.2d 19 (Tex.1987). We find *Jinkins* distinguishable and reverse.

## FACTS

The evening of February 10, 1981, brought a threatening storm into Matagorda Bay. Earlier that evening, the tug GALVESTON was engaged by Seahorse to ferry four Halliburton employees to an oil production platform in the Bay. Enserch, the contractor, and Livingston, the well operator, refused to allow the GALVESTON to tie up and ride out the impending storm. The tug sank during its return to port. Kenneth Baze, James Lala, Arthur Volkert, and Deborah Cope, the four Halliburton employees sent to work on the platform, drowned.

A policy of marine insurance issued to Seahorse by the appellees, Marine Office of America Corporation and Fidelity and Casualty Company of New York (hereinafter MOFC) allegedly covered the tug.

## PROCEDURAL HISTORY

The plaintiffs [1] filed suit in Matagorda County against Seahorse, Enserch, Livingston, and Halliburton.[2] It was alleged that MOFC investigated and prepared a defense on behalf of Seahorse, but wrongfully withdrew. Suit against Enserch and Livingston was severed. Enserch and Livingston settled with the plaintiffs. Baze and Lala assigned their rights against Seahorse to Enserch and Livingston. The parties agreed that these rights could be pursued by Enserch and Livingston in the name of Baze and Lala. Enserch and Livingston (a/k/a Baze and Lala) then asserted these rights against Seahorse, who at that point it is alleged was a non-settling co-tortfeasor.

Robert O. Keith and Amy Keith, Keith & Keith, Johnson City, for appellants.

Dixie Smith, Fulbright & Jaworski, Houston, Lev Hunt, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellees.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

### OPINION ON MOTION FOR REHEARING

GILBERTO HINOJOSA, Justice.

We withdraw our original opinion and substitute the following.

---

1. The plaintiffs are the legal representatives of the deceased. For convenience we will refer to them as Baze, Lala, Volkert, and Cope.

2. Halliburton settled and played no further role in the litigation.

Seahorse and the other parties, except MOFC, reached an agreement. An agreed judgment was entered. The judgment provided in part:

> JUDY ANN BAZE, Widow, Individually and as next friend of her minor children, DAVID KENNETH BAZE and BRIAN EUGENE BAZE, and as representative of the Estate of KENNETH EUGENE BAZE, Deceased, is entitled to recover from Defendant SEAHORSE MARINE SERVICES, INC. the sum of Two Million Five Hundred Thousand and No/100 ($2,500,000) dollars. By assignment such recovery is in fact owned by LIVINGSTON OIL WELL SERVICE, INC. and ENSERCH EXPLORATION, INC. Accordingly as assignee of JUDY ANN BAZE, Widow, Individually and as next friend of her minor children, DAVID KENNETH BAZE and BRIAN EUGENE BAZE, and as Representative of the Estate of KENNETH EUGENE BAZE, LIVINGSTON OILWELL SERVICE, INC. and ENSERCH EXPLORATION, INC., jointly shall have and recover the sum of Two Million Five Hundred Thousand and No/100 ($2,500,000) of and from Defendant SEAHORSE MARINE SERVICES, INC.

The judgment contained a substantively identical clause adjudicating Lala's rights. Neither MOFC nor Seahorse appealed the judgment and it became final.

At the same time the judgment was entered, Volkert, Cope, Enserch, and Livingston entered into a covenant not to execute with Seahorse. This agreement limited these parties' right to recover the judgment to Seahorse's contract of insurance and its tort causes of action based on MOFC's alleged wrongful withdrawal and failure to defend. As part of the agreement, Seahorse specifically assigned to Volkert, Cope, Enserch, and Livingston, the right to recover on the insurance contract and the tort causes of action. The parties also agreed to jointly pursue recovery against MOFC and to divide the proceeds in equal shares among themselves.

Enserch, Livingston and the plaintiffs subsequently filed the instant declaratory judgment action against MOFC and Seahorse seeking enforcement of the Matagorda County Judgment and litigation of Seahorse's assigned rights against MOFC. Volkert and Cope settled with MOFC. Seahorse was dismissed.

MOFC filed a motion for summary judgment arguing that Enserch and Livingston were not entitled to any recovery from MOFC under the *Jinkins* doctrine. In *Jinkins*, the Supreme Court of Texas held a co-tortfeasor cannot settle a common plaintiff's entire claim and assert those rights against a non-settling co-tortfeasor. Relying on *Jinkins*, the trial court granted the motion for summary judgment. This appeal followed.

Appellants, Enserch Exploration, Inc., Livingston Oilwell Service, Inc., Baze, and Lala, complain by one point of error that the summary judgment was improperly entered against them because error, if any, in the Matagorda County Judgment did not render the judgment void and it was not appealed.

## STANDARD OF REVIEW

In assessing whether a motion for summary judgment was properly granted, this Court and the trial court apply essentially the same standard. The issue is whether the written motion for summary judgment and attached evidence establish as a matter of law the movant's right to judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979); TEX. R.CIV.P. 166a(c). We view the evidence in the light most favorable to the non-movant, and indulge all reasonable inferences in the non-movant's favor. *Bayouth v. Lion Oil Co.*, 671 S.W.2d 867 (Tex.1984).

## ANALYSIS

In *Beech Aircraft Co. v. Jinkins*, 739 S.W.2d 19 (Tex.1987), the Texas Supreme Court fashioned an exception to the general rule that a cause of action may be sold, assigned, or otherwise transferred between parties. *See Bradshaw v. Baylor Univ.*, 84 S.W.2d 703, 704 (Tex.1935) (assignment of a cause of action is not against public policy); TEX.PROP.CODE ANN. § 12.014(a) ("A

judgment or part of a judgment of a court of record or an interest in a cause of action on which suit has been filed may be sold, regardless of whether the judgment or cause of action is assignable in law or equity, if the transfer is in writing."). In *Jinkins*, a passenger and pilot injured in a plane crash sued the manufacturer alleging negligence and strict products theories. The manufacturer settled with the passenger. The manufacturer then asserted the passenger's cause of action for negligence against the pilot. The pilot objected and moved for summary judgment, which the trial court granted. The trial court severed the contribution claim, and the defendants appealed.

The summary judgment was affirmed by the appellate court and the Supreme Court of Texas. The Supreme Court of Texas held that the manufacturer had no right of contribution because public policy does not allow a settling co-tortfeasor to assert a common plaintiff's rights against a non-settling co-tortfeasor.[3]

*Jinkins* was based in part on the Supreme Court's interpretation of common-law and statutory contribution rights. *See Duncan v. Cessna Corp.*, 665 S.W.2d 414 (Tex.1984); TEX.CIV.PRAC. & REM.CODE ANN. § 32.002 (Vernon 1987) and §§ 33.014–15 (Vernon 1987). In addition, the Court noted that contribution through assignment was prohibited because of the public policy in favor of reducing litigation and properly aligning adverse parties. *See also International Proteins Corp. v. Ralston–Purina Co.*, 744 S.W.2d 932, 934 (Tex.1988). These factors compelled the *Jinkins* holding that a settling co-tortfeasor cannot acquire, through settlement or assignment, a common plaintiff's rights and thereafter seek recovery against a non-settling co-tortfeasor. Under *Jinkins*, a co-tortfeasor may only buy his way out of a lawsuit, settling its proportionate share of responsibility. *See Duncan*, 665 S.W.2d at 431.

The settlement in *Jinkins* exemplified the Court's concerns over agreements between parties which prolong and confuse litigation. The passenger did not file suit against the pilot. However, the allegedly negligent manufacturer asserted the passenger's rights against the pilot. This settlement increased the complexity of the litigation and misaligned the parties by placing the passenger on the same side as the manufacturer. *See also International Proteins*, 744 S.W.2d at 934.

### The Plaintiff's Assignment

■ As a starting point, we address the question whether the assignment by Baze and Lala of their rights against Seahorse to Enserch and Livingston violated *Jinkins*. Enserch, Livingston and Seahorse allegedly are co-tortfeasors. Enserch and Livingston settled with plaintiffs Baze and Lala. Part of the settlement included an assignment by Baze and Lala of their rights against Seahorse to Enserch and Livingston. These rights were subsequently asserted against Seahorse by Enserch and Livingston, acting in Baze's and Lala's name. Assuming Enserch, Livingston and Seahorse were co-tortfeasors, at this point, this assignment rather clearly violated *Jinkins* and *International Proteins*.

Nevertheless, an agreed judgment between Seahorse, Baze, and Lala (i.e., Enserch and Livingston) was entered adjudicating Seahorse liable for damages caused by the accident. The judgment was not

---

**3.** The court discussed the common law and statutory rights of contribution, and held that these rights only existed where a non-settling co-tortfeasor has a judgment taken against it, and pays a disproportionate share of the judgment. These rights did not apply to a settling co-tortfeasor because the dismissal of the plaintiff's claim against him dropped him from the suit thereby depriving the defendant of his contribution rights. The Court in *International Proteins Corp. v. Ralston–Purina Co.*, 744 S.W.2d 932 (Tex.1988), went even further by holding that a settling co-tortfeasor could not, for policy reasons, seek "contribution" against a non-settling co-tortfeasor by simply obtaining an assignment of plaintiff's cause of action against a non-settling co-tortfeasor. The court based its ruling that such rights could not be transferred through assignment on the public policy argument. Because Enserch and Livingston do not claim a common-law or statutory right of contribution, but rather seek "contribution" through assignment, our analysis focuses on the public policy aspects of *Jinkins* and *International Proteins*.

appealed and became final. In the covenant not to execute, Seahorse then agreed to assign all rights it possessed against MOFC to Enserch, Livingston, Volkert and Cope. Enserch, Livingston, and the plaintiffs then filed the instant declaratory judgment action in which MOFC now, for the first time, raises *Jinkins* as a defense.

The instant case is factually distinguishable from *Jinkins* in four significant respects. Unlike the pilot in *Jinkins:* 1) Seahorse did not object and argue that the assignment of the plaintiff's rights to the co-tortfeasors was improper, nor was the judgment directly attacked; 2) Seahorse permitted an agreed judgment to be entered against it adjudicating Seahorse liable for actions arising out of the accident; 3) Seahorse settled with its alleged co-tortfeasors; and 4) Seahorse assigned all its rights against MOFC to Enserch and Livingston, its alleged co-tortfeasors.

What is the effect of these distinguishing features on this case? No *Jinkins* decision has yet addressed these issues of first impression; however, we are not writing on an entirely clean slate.

In *Browning v. Placke*, 698 S.W.2d 362 (Tex.1985), the Supreme Court of Texas reiterated the longstanding rule that "unless a judgment of general jurisdiction is void, it is not subject to collateral attack in another court of equal jurisdiction." *Id.* at 363; *see Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987). MOFC essentially argues that *Jinkins* error formed the basis of Enserch's and Livingston's rights reflected in the Matagorda County Judgment; therefore it is unenforceable.[4] This position is untenable. To sustain its position on appeal MOFC must establish as a matter of law that the Matagorda County Judgment was void.

The *Jinkins* error, if any, which occurred in the rendition of the Matagorda County judgment did not render that judgment void.[5] MOFC cannot avoid the force of *Cook* and *Browning* because Seahorse's failure to object and appeal rendered the judgment final and waived any legal error therein.

MOFC had an opportunity to defend Seahorse and could have objected to the *Jinkins* error and appealed, but it withdrew. MOFC cannot now complain of error in the rendition of that judgment regarding the liability of its insured. *Employers Cas. Co. v. Block*, 744 S.W.2d 940, 943 (Tex. 1988).

We therefore hold that the *Jinkins* error, if any, in the assignment of the plaintiff's cause of action to a settling co-tortfeasor was waived by the failure of the non-settling co-tortfeasor to object and appeal that judgment. *Cook*, 733 S.W.2d at 140; *Placke*, 698 S.W.2d at 363. We note with interest that every decision following *Jinkins* involves the rights of parties who preserved error in the trial court and appealed. *International Proteins*, 744 S.W.2d at 933–34 (International Proteins appealed, although it is not clear whether this issue was preserved in the trial court, we assume it was). Tex.R.App.P. 52(a)); *Insurance Co. of N. Am. v. Security Ins. Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ) (Security ob-

---

4. Even if Baze's and Lala's rights were unenforceable by Enserch and Livingston because the assignment was ineffective to convey the plaintiffs' rights to Enserch and Livingston, this would not significantly aid MOFC (there is slight authority for the proposition that an assignment in violation of *Jinkins* is void. *Jackson v. Freightliner Corp.*, 938 F.2d 40, 42 (5th Cir.1991) (Texas law). MOFC apparently takes the opposite position by arguing that the plaintiffs are not proper parties here because they have no rights in the present action). Assuming the assignment of their rights was inoperative, Baze and Lala, who were still parties, could certainly assert their rights against MOFC. This recovery, if any, could then be conveyed to Enserch and Livingston. Alternatively, if the assignment was effective to convey the plaintiffs' rights, any *Jinkins* error in the rendition of the Matagorda County Judgment was waived by the failure to object and appeal.

5. *See Cook*, 733 S.W.2d at 140 (errors other than lack of jurisdiction render a judgment merely voidable); *Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d 878, 881–82 (Tex.1973) (mere error occurring during trial does not render judgment void); *Stinson v. Stinson*, 668 S.W.2d 840, 841 (Tex.App.—San Antonio, 1984, writ ref'd n.r.e.) (mere voidable judgments are those incorporating reversible error not rising to the level of lack of jurisdiction).

jected); *Jackson*, 938 F.2d at 41 (Betts objected). The trial court erred in entering summary judgment with respect to this aspect of the case.

We also note that Seahorse entered into an agreed judgment with Volkert, Cope, Baze and Lala (Baze and Lala had at that time assigned all of their rights to Enserch and Livingston). Who then is the non-settling co-tortfeasor? Seahorse is not a non-settling co-tortfeasor. MOFC is not a non-settling co-tortfeasor, nor is it in privity with such party. *Compare Insurance Co. of N. Am.*, 790 S.W.2d at 411 (INA was in privity with Crain, Caton, its insured). Rather, MOFC is the contractual indemnitor of a co-tortfeasor who entered into an agreed judgment that was not appealed, i.e., who settled. Thus, *Jinkins* and other decisions are distinguishable for this reason as well because they all involve the rights of non-settling co-tortfeasors. *See e.g. Jinkins*, 739 S.W.2d at 20 (the pilot did not settle); *International Proteins*, 744 S.W.2d at 933–34 (International Proteins did not settle); *Insurance Co. of N. Am.*, 790 S.W.2d at 409 (Security did not settle); *Jackson*, 938 F.2d at 41 (Betts did not settle).

■ Generally, an insurance company may step into the shoes of its indemnitee, assert various defenses, appoint counsel, and manage the defense. *See e.g., Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 167 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.). However, Enserch and Livingston alleged that MOFC wrongfully withdrew from Seahorse's defense after investigating the claim and preparing a defense. Under these circumstances, but for coverage issues, the insurance company waived all nonjurisdictional error in the unappealed judgment finding its indemnitee, Seahorse, liable. *See Block*, 744 S.W.2d at 943; *Cook*, 733 S.W.2d at 140; *Rogers*, 530 S.W.2d at 167. We conclude that Enserch and Livingston can seek recovery from MOFC based on their status as assignees of Baze and Lala, the judgment creditors.

### Seahorse's Assignment

■ The next issue we address is whether Seahorse's assignment of its rights against MOFC to Enserch and Livingston violates *Jinkins*. No intervening final judgment insulates this assignment from collateral attack.

After the Matagorda County agreed judgment was rendered Seahorse assigned its rights against MOFC to Volkert, Cope, Enserch, and Livingston. These alleged rights include Seahorse's rights under the insurance contract, the DTPA and Insurance Code, and tort causes of action associated with MOFC's handling of the claim. In consideration, Volkert, Cope, Enserch, and Livingston covenanted not to execute against Seahorse's assets. MOFC asserts that *Jinkins* bars these assignments. We disagree.

The general rule in Texas is that a cause of action may be transferred through assignment or otherwise. *Jinkins*, 739 S.W.2d at 22. The *Jinkins* exception to this rule upon which MOFC relies so heavily is limited to circumstances in which a co-tortfeasor settles with a plaintiff or a co-tortfeasor and attempts to assert these rights against a non-settling co-tortfeasor.

The alleged causes of action Seahorse assigned in the instant case arose from MOFC's insurance contract and its actions in failing to properly handle obligations under that contract. The only tortfeasors involved in these alleged torts were Marine Office of America Company, and Fidelity and Casualty Company of New York (MOFC). Thus, the assignment by Seahorse to Enserch and Livingston of these rights, which arose out of a separate tort, does not violate *Jinkins* because these rights were not assigned to a party jointly liable in the second tort. The general rule therefore applies.

Moreover, the public policy aspects of *Jinkins* do not apply to this aspect of the case, and public policy does not provide a justification for extending *Jinkins* to encompass a case such as this. Seahorse's rights to indemnification and otherwise are going to be asserted against MOFC regardless of the settlement between Seahorse and Enserch and Livingston. Thus the assignment does not increase litigation or

prejudice MOFC. In fact, the settlement between Seahorse and the other parties actually significantly reduced litigation because there was no trial on the issue of Seahorse's liability and the damages it caused. Moreover, assigning these rights to Enserch and Livingston does not unduly distort the posture of the litigation. Thus, it is clear that the public policy considerations underlying *Jinkins* are absent.

An additional reason forms the basis of our holding that MOFC cannot avoid payment on the insurance policy on *Jinkins* grounds. *Jinkins* and *International Proteins* did not include an assignment of rights from the alleged co-tortfeasor (here Seahorse) to another co-tortfeasor (Enserch and Livingston) against an indemnitor (MOFC), and that distinction is important. Even if the assignment by Baze and Lala of their rights against Seahorse to Enserch and Livingston was and remains invalid on *Jinkins* grounds, Enserch and Livingston still have rights against MOFC based on the assignment of these rights directly from Seahorse to Enserch and Livingston in the covenant not to execute. These rights include recovery of the contractual amount of coverage for liability which MOFC owes Seahorse, and possibly tort causes of action.

Thus, Enserch and Livingston may recover against MOFC as assignees of Baze and Lala and judgment creditors against MOFC's insured, Seahorse. Enserch and Livingston may also recover against MOFC on a separate theory: as the assignees of Seahorse's contractual right to indemnity and potential tort causes of action.

We hold that neither the first nor the second assignments violated the *Jinkins* and *International Proteins* rule of non-assignment. We also hold that the assignment by Seahorse to Enserch and Livingston of rights against MOFC provides an independent basis for Enserch and Livingston to recover against MOFC. Appellant's first point of error is sustained.

### OTHER ISSUES

■ MOFC also argues that there is no *Stowers* liability as a matter of law because the insurance contract does not require it to defend, thus the summary judgment was proper. This argument was not raised in the motion for summary judgment, and the insurance contract was not attached to the motion. MOFC raised this argument in a subsequent reply brief tendered to the court and Enserch and Livingston before summary judgment was entered. The insurance contract was attached to Enserch and Livingston's petition.

Without deciding whether the issue was properly before the trial court under these circumstances, *see* TEX.R.CIV.P. 166a(c), we note that Enserch and Livingston pleaded that MOFC was estopped to deny *Stowers* liability because it initiated and assumed defense of the Matagorda County Judgment, and then wrongfully withdrew. MOFC presented no summary judgment evidence controverting these allegations. We therefore hold that MOFC failed to prove as a matter of law its right to summary judgment regarding this cause of action as well. Other causes of action assigned from Seahorse grounded in contract and tort were alleged against MOFC. They were not the basis for the summary judgment and remain at issue.

Appellee failed to prove its right to judgment as a matter of law. The trial court's judgment is REVERSED and REMANDED for further proceedings.