Opinion issued October 8, 2009








In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00845-CV




NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, AS
ASSIGNEE OF KELVIN RAY GATLIN, Appellant

V.

STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellee




On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2006-35048




MEMORANDUM OPINION
          In this insurance dispute, Appellant National Fire Insurance Company of
Hartford, as assignee of Kelvin Ray Gatlin, appeals from the district court’s final
summary judgment on claims for breach of an insurance policy and for claims arising
under the Stowers doctrine and under the Insurance Code. The rulings below were
predicated upon summary-judgment evidence suggesting that an owned-vehicle
exclusion applied to preclude insurance coverage. Because the evidence proffered
below was inadmissible hearsay, we reverse and remand the case for further
proceedings.
Background
          This appeal arises out of a December 23, 2000 auto accident in which Kelvin
Ray Gatlin allegedly ran a red light in his 1994 Ford Ranger and struck a vehicle
belonging to Rainbow Play Systems. Gatlin had automobile insurance from appellee
State and County Mutual Fire Insurance Company, and Rainbow had automobile
insurance from appellant National Fire Insurance Company of Hartford.
          State and County Mutual denied coverage to Gatlin, and National Fire filed a
subrogation suit against Gatlin to recover the insurance proceeds it paid to Rainbow
Play Systems. In 2003, National Fire received a $42,293.63 postanswer default
judgment against Gatlin in statutory county court. After that judgment became final
on appeal, the statutory county court signed a turnover order that assigned to National
Fire all of Gatlin’s causes of action against State and County Mutual. On June 2,
2006, National Fire filed the current lawsuit against State and County Mutual for
breach of contract, a Stowers action,


 and violations of the Insurance Code (former
Tex. Ins. Code art. 21.21, § 4 and current Tex. Ins. Code §§ 541.051–.061).



          On June 20, 2007, State and County Mutual filed a single eight-page document
(excluding attached evidence) styled its “Motion for Final Summary Judgment and No
Evidence Motion for Summary Judgment.” By referencing Rules 166a(c) and 166a(i)
of the Texas Rules of Civil Procedure, the motion purports to move for summary
judgment as to all of National Fire’s claims on both traditional and no-evidence
grounds. However, the motion draws no formal distinction between its traditional and
no-evidence grounds. Examination of the motion reveals that State and County
Mutual relied on summary-judgment evidence in an attempt to demonstrate the
application of an owned-vehicle exclusion as a defense to the breach-of-contract
claim, and it failed to offer any separate no-evidence argument with respect to the
breach-of-contract claim. State and County Mutual then expressly relied on the same
arguments and summary-judgment evidence to argue that the Stowers claim must be
dismissed on noncoverage grounds, again offering failing to offer any separate
no-evidence argument. Finally, and again in express reliance upon prior arguments
and evidence purportedly establishing noncoverage, State and County Mutual
contended that there is no evidence to suggest that it committed any violations of the
Insurance Code.
          In support of its contention that its insurance policy did not cover Gatlin’s
accident, State and County Mutual offered six exhibits into evidence. The
summary-judgment evidence included a Texas personal auto policy which provides
liability coverage under the following terms: “We will pay damages for bodily injury
or property damage for which any covered person becomes legally responsible
because of an auto accident.” The policy defines “covered person” to mean, in part,
“You or any family member for the ownership, maintenance or use of any auto or
trailer.” The policy also includes the following owned-vehicle exclusion:
B.We do not provide Liability Coverage for the ownership, maintenance or
use of:
. . .
2.Any vehicle, other than your covered auto, which is
                              a.       owned by you . . . .
The policy contains the following definition:
G.“Your covered auto” means:
1.Any vehicle shown in the Declarations;
2.I.Any of the following types of vehicles on the date
you became the owner:
a.a private passenger auto; or
b.a pickup or van with a G.V.W. of 10,0000 lbs.
or less not used for the delivery or
transportation of goods, materials or supplies
other than samples, or (2) used for farming or
ranching.
II.This provision (G.2) applies only if you:
a.acquire the vehicle during the policy period;
                                                   and
b.notify us within 30 days after you become the
                                                   owner.
If the vehicle you acquire replaces one shown in the
Declarations, it will have the same coverage as the
vehicle it replaced. You must notify us of a
replacement vehicle within 30 days only if you wish
to add or continue Coverage for Damage to Your
Auto.
If the vehicle you acquire is in addition to any shown
in the Declarations, it will have the broadest coverage
we now provide for any vehicle shown in the
Declaration.
In addition, the summary-judgment evidence included:
•        the declarations page to Gatlin’s personal auto policy from December 19,
2000 to June 19, 2001, which did not list the 1994 Ford Ranger among
the covered vehicles;
 
•        a December 24, 2004 claim file that states Gatlin is the owner of the 1994
Ford Ranger and lists a “title date” of October 29, 1999;
 
•        the declarations page to Gatlin’s personal auto policy from June 26, 2001
to August 6, 2001, which also did not list the 1994 Ford Ranger among
the covered vehicles;
 
•        a list of insurance adjuster’s “action notes,” which among other things
contains the December 24, 2002 statement, “REVIEWED FILE AND
THIS CLAIM IS DENIED FOR NO COVERAGE THE UNLISTED
VEHICLE WAS BOUGHT ON 10/29/99 BY KEVIN GATLIN AND
NEVER LISTED ON THE POLICY”; and 
 
•        a compilation of correspondence to Gatlin from his insurance broker,
Insurance Depot.
 
          Applying the policy language, State and County Mutual claimed that although
Gatlin owned the 1994 Ford Ranger at the time of the accident, coverage was excluded
because the vehicle was not listed on the declarations page and Gatlin failed to notify
State and County Mutual that he had acquired the vehicle within the 30-day period set
forth in the policy. State and County Mutual relied upon the insurance claim file as
proof that Gatlin bought the 1994 Ford Ranger on October 29, 1999, as well as its
adjuster’s “action notes” as proof of Gatlin’s ownership of the 1994 Ford Ranger at
the time of the accident.
          National Fire filed a response and objections to State and County Mutual’s
motions for summary judgment, including objections to the claim file and the action
notes. National Fire objected to the claim file for various reasons, including the fact
that its accompanying business-records affidavit did not establish the identity of the
person who made the record or the foundation of that person’s knowledge. National
Fire also objected to the statement in the action notes that “THE UNLISTED
VEHICLE WAS BOUGHT ON 10/29/99 BY KEVIN GATLIN” because the
statement was hearsay, and its accompanying business-records affidavit did not
establish the identity of the writer or the foundation of the writer’s knowledge. 
National Fire thus contended that, because there was no proper summary-judgment
evidence that Gatlin owned the 1994 Ford Ranger at the time of the accident, State and
County Mutual was not entitled to summary judgment based on the owned-vehicle
exclusion provision of the insurance policy.
          After a hearing, the district court rendered summary judgment. In a final
summary-judgment order, the district court rendered a traditional motion for summary
judgment on the breach-of-contract and Stowers claims and a no-evidence motion for
summary judgment on the Insurance Code claims. The district court also signed an
order denying National Fire’s objections to State and County Mutual’s
summary-judgment evidence.
Analysis
          National Fire brings seven issues on appeal. Because all of State and County
Mutual’s defenses are predicated on its contention that it has established noncoverage
based on the covered-auto exclusion, we address that issue first. In issue 2, National
Fire contends that State and County Mutual has failed to prove as a matter of law the
application of the covered-auto exclusion. 
          Because a trial court cannot grant a summary-judgment motion on grounds not
presented in the motion, we consider the issues that relate to the grounds in State and
County Mutual’s motion. See, e.g., Timpte Indus., Inc. v. Gish, 286 S.W.3d 306, 310
(Tex. 2009). State and County Mutual’s specific proffered ground for summary
judgment was an exclusion to coverage under the insurance policy because Gatlin
owned the 1994 Ford Ranger at the time of the accident and he did not notify State and
County Mutual that he owned the vehicle.
Traditional Summary Judgment
          In issue 2, National Fire asserts the district court erred in rendering summary
judgment because there is no conclusive evidence that the owned-vehicle exclusion
applied. The burden of proof as to this issue is on State and County Mutual to prove
the applicability of an exclusion to insurance, as the exclusion constitutes an
avoidance or an affirmative defense. See Tex. Ins. Code Ann. § 554.002 (Vernon
2009).
          In order to prove that the owned-vehicle exclusion applied, State and County
Mutual bore the burden of proving that Gatlin owned the 1994 Ford Ranger at the time
of the December 23, 2000 accident. No such evidence was presented to the district
court. The only two documents offered into evidence by State and County Mutual in
this regard were the claim file and action notes, both of which recited that Gatlin
acquired title to the truck on October 29, 1999. Assuming, without deciding, that
these documents were properly admitted into evidence,


 this evidence was insufficient
to carry State and County Mutual’s burden to prove that Gatlin was the owner of the
vehicle on December 23, 2000. We therefore conclude that State and County Mutual
did not establish the application of the covered-auto exclusion, and we sustain issue 2.



No-Evidence Summary Judgment on Insurance Code Claims
          Finally, we consider the no-evidence summary judgment rendered by the district
court on National Fire’s claims under the Insurance Code. A no-evidence motion for
summary judgment generally shifts the burden of proof to the non-movant to raise a
genuine issue of material fact. E.g., McCoy v. Rogers, 240 S.W.3d 267, 271 (Tex.
App.—Houston [1st Dist.] 2007, pet. denied). The non-movant need not, however,
respond to a no-evidence summary-judgment motion filed with respect to claims or
affirmative defenses for which the movant has the burden of proof. Nowak v. DAS Inv.
Corp., 110 S.W.3d 677, 680 (Tex. App.—Houston [14th Dist.] 2003, no pet.); Barraza
v. Eureka Co., 25 S.W.3d 225, 231 (Tex. App.—El Paso 2000, pet. denied).
          Here, the burden of proof is on State and County Mutual to prove an exclusion
to insurance, as the exclusion constitutes an avoidance or an affirmative defense. See
Tex. Ins. Code Ann. § 554.002 (Vernon 2009). As the Texas Supreme Court has
recently observed, insurance policies are contracts. Ulico Cas. Co. v. Allied Pilots
Ass’n, 262 S.W.3d 773, 778 (Tex. 2008) (citing Barnett v. Aetna Life Ins. Co., 723
S.W.2d 663, 665 (Tex. 1987)). As such, the rights and obligations arising from an
insurance policy, and the rules used to construe them, are those generally pertaining
to contracts. Id. (citing Forbau v. Aetna Life Ins. Co., 876 S.W.2d 132, 133 (Tex.
1994)). If an insurance contract covers certain risks but the policy contains exclusions
or limitations of coverage, when the insured makes a claim for loss from a covered
risk, the insurer must assert any applicable exclusion or limitation to avoid liability. 
Id. (citing Employers Cas. Co. v. Block, 744 S.W.2d 940, 943–44 (Tex. 1988)). The
insurer has neither a “right” nor a burden to assert noncoverage of a risk or loss until
the insured shows that the risk or loss is covered by the terms of the policy. Id. (citing
Employers Cas. Co., 744 S.W.2d at 943–44). Once the insured does so, then it
becomes incumbent on the insurer—that is the insurer has the “right”—to assert any
exclusions or limitations as affirmative defenses. Id. (citing Employers Cas. Co., 744
S.W.2d at 943-44).
          There is no dispute that the policy at issue applies unless coverage is precluded
by application of the owned-vehicle exclusion. State and County Mutual bears the
burden of proving the applicability of such exclusion. As explained above, on this
record the application of the exclusion was not established by traditional
summary-judgment methods, and thus noncoverage cannot be presumed for purposes
of State and County Mutual’s no-evidence motion. Because the no-evidence motion
is contingent upon a determination of noncoverage, the district court erred in granting
the no-evidence motion as to National Fire’s Insurance Code claims.
          We thus sustain issue 6 as it relates to the no-evidence motion for summary
judgment on National Fire’s Insurance Code claims.



 
 
ConclusionWe reverse the district court’s judgment and remand the case for further
proceedings.
 
 
 
                                                             Michael Massengale
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Bland and Massengale.