Nixon **FIALLOS, Feradon Amjadi, and Geo Science Engineering & Testing, Inc., Appellants,**

v.

**PAGAN–LEWIS MOTORS, INC., Hiram Cox and Cox Car Company (a/ k/a Cox Motors), Appellees.**

No. 13–02–342–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 26, 2004.

Rehearing Overruled Nov. 4, 2004.

## OPINION

Opinion by Justice GARZA.

This is an appeal from two trial court orders awarding final summary judgment to two defendants on claims asserted against them by several plaintiffs. Appellants are plaintiffs in the underlying lawsuit, and appellees are two of three defendants named in the action brought by the appellants. Appellants ask that we reverse the trial court's orders granting summary judgment to the appellees. They claim that appellees failed to demonstrate the absence of genuine issues of material fact, which, according to appellants, were created by both the claims asserted against the appellees and appellees' defenses to those claims. We conclude that genuine issues of material fact exist regarding ownership of the vehicle involved in this case, and accordingly, we reverse both orders.

### Background

This appeal stems from a lawsuit for personal injuries and property damage caused by an automobile accident that occurred on September 12, 1997. The parties do not contest the details of the accident: an intoxicated Martin Allen Cox struck Nixon Fiallos and Feradon Amjadi with a 1994 Chevrolet pickup truck as they were walking along U.S. Highway 59. Martin then collided with a vehicle owned by Geo Science Engineering & Testing, Inc. Martin, Fiallos, and Amjadi were each badly injured in the wreck.

After the accident, Fiallos, Amjadi, and Geo Science Engineering & Testing, Inc. (collectively "Fiallos") sued Pagan–Lewis Motors, Inc. and Hiram Cox d/b/a Cox Car Company a/k/a Cox Motors ("Cox Cars"), alleging that they owned the truck driven by Martin and had negligently entrusted it to him.[1] Both car-dealership defendants,

Douglas A. Allison, Law Offices of Douglas Allison, Corpus Christi, Timothy Patton, San Antonio, for appellants.

John A. Sixta, Jr., Thomas A. Silver, Hunt, Hermansen, McKibben & Villarreal, Augustin Rivera, Jr., Dunn, Weathered, Coffey, Rivera & Kasperitis, P.C., Corpus Christi, for appellees.

Before Justices HINOJOSA, YAÑEZ and GARZA.

---

1. Fiallos also asserted claims directly against   Martin, but those claims were severed from

Pagan–Lewis and Cox Cars, denied owning the truck and moved for summary judgment on that basis.

Additionally, Pagan–Lewis argued that Fiallos was collaterally estopped from litigating the truck's ownership because a Texas court had previously entered a judgment on a collection suit finding that Pagan–Lewis sold the truck to Martin "on or about" September 10, 1997. According to Pagan–Lewis, that judgment establishes that it did not own the truck on the day of the accident, which happened on September 12, 1997. Pagan–Lewis claims that the collection judgment bars any claim involving assertions that Pagan–Lewis owned the truck on the day of the accident.

Cox Cars also relies on Pagan–Lewis's prior collection judgment against Martin. In arguing for summary judgment, Cox Cars claimed that Martin was the truck's owner because he bought the truck "on or about" September 10, 1997, a fact established by the earlier lawsuit. Cox Cars argues that it could not have owned the truck on September 12, 1997 because it never took possession of the truck and because Fiallos produced no summary judgment evidence documenting Cox Cars' alleged purchase of the truck.

After reviewing the parties' respective motions and briefs, the trial court severed the claims asserted against Pagan–Lewis and Cox Cars and issued orders granting summary judgment to each defendant on their separately filed motions for summary judgment. In its orders, the trial court did not specify any particular grounds for the judgments.

On appeal, Fiallos claims that the trial court improperly awarded summary judgment to appellees because genuine issues of material fact exist as to whether appellees had ownership and control of the truck on the day of the accident. Fiallos also argues that the various defenses of judgment finality asserted by appellees are inappropriate in this case and cannot be applied. We agree with Fiallos on both points.

### Standard of Review

The summary judgment procedure was created to allow the dismissal of patently unmeritorious claims and untenable defenses. *See Michael v. Dyke,* 41 S.W.3d 746, 751 (Tex.App.-Corpus Christi 2001, no pet.). We review summary judgments de novo. *Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 699 (Tex.1994); *Tex. Commerce Bank–Rio Grande Valley, N.A. v. Correa,* 28 S.W.3d 723, 726 (Tex.App.-Corpus Christi 2000, pet. denied). The standards for reviewing summary judgment evidence are:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *see also Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). When a trial court's order granting summary judgment does not specify the ground or grounds relied on for the ruling, as in this case, it will be affirmed on appeal if any of the theories advanced are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374,

the claims against Pagan–Lewis and Cox Cars and are still pending before the trial court.

380 (Tex.1993); *Rogers v. Ricane Enters. Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *Krishnan v. Law Offices of Preston Henrichson, P.C.*, 83 S.W.3d 295, 303 n. 4 (Tex.App.-Corpus Christi 2002, pet. denied).

### 1. Motion to Reconsider

■ As a preliminary matter, Cox Cars argues that "[t]he plaintiffs below never filed any reply to the motion for summary judgment of Cox Cars Company except after the court had granted the motion and during the time frame the court was entertaining the idea of reconsidering the previous rulings." According to Cox Cars, "There is no evidence that the court ever considered the so-called combined response to the Cox Car motion or supplemental response to the Pagan–Lewis motion [filed by appellants]." Thus, "the sole issue before the court is to examine the motion to see if it is legally insufficient."

We disagree with these representations of the record. Although Cox Cars correctly points out that Fiallos did not respond to Cox Cars' motion for summary judgment until after the trial court awarded summary judgment to Cox Cars on January 9, 2002, Cox Cars downplays a major procedural event in this litigation. On February 1, 2002, Cox Cars filed a motion to reconsider.[2] Then, on February 11, 2002, Fiallos submitted a brief to the trial court responding to the motions for summary judgment submitted by Cox Cars and Pagan–Lewis. On March 15, 2002, the trial court held a hearing on Cox Cars' motion to reconsider and on a motion to reconsider filed by Pagan–Lewis, at which time it granted both motions to reconsider. As counsel for Cox Cars noted on the record, "the intent of this [rehearing was] ... to reassert the motions."

After the trial court granted the motions to reconsider, it allowed Fiallos to address the merits of the separate motions for summary judgment filed by Cox Cars and Pagan–Lewis. On the record, Fiallos presented its case in opposition to the defendants' motions and pointed out specific evidence attached to its response, such as the deposition testimony of Martin Allen Cox and a letter from a Pagan–Lewis attorney, which it argued precluded summary judgment for the defendants. After hearing arguments from all sides, the trial judge declared that she would review the motions and evidence and rule on them before the end of the day. She ultimately awarded final summary judgment to both defendants.

Given these events, we are convinced that the trial court did, in fact, consider Fiallos' arguments and evidence. Fiallos' evidence and briefs were filed over one month before the trial court heard arguments on the motions to reconsider and issued rulings on March 15, 2002. Fiallos' attorney brought its arguments and evidence to the trial judge's attention during the hearing on March 15, 2002. And at the same hearing, the trial judge indicated that she would review the evidence and confirmed that it was in the record. We overrule Cox Cars' argument.

### 2. Res Judicata and Collateral Estoppel

Next, we consider whether the trial court could have properly based its summary judgment awards on the doctrines of judgment finality and claim and issue preclusion. As noted above, both Pagan–Lewis and Cox Cars relied on theories of res judicata and collateral estoppel in arguing their motions for summary judgment to the trial court. Essentially, they argue that Martin bought the truck from Pagan–Lewis on September 10, 1997 and

---

**2.** This was done at the request of the trial court.

that a judgment rendered in favor of Pagan–Lewis in a collection action brought against Martin establishes that Martin owned the truck on September 12, 1997, the day of the accident. According to the defendants, Fiallos cannot re-litigate this issue.

The rules of res judicata rest upon the policy of protecting a party from being twice vexed for the same cause, together with that of achieving judicial economy in precluding a party who has had a fair trial from re-litigating the same issue. *Benson v. Wanda Petroleum Co.,* 468 S.W.2d 361, 363 (Tex.1971). Broadly speaking, res judicata is the generic term for a group of related concepts concerning the conclusive effects given final judgments. *Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992); *see also Puga v. Donna Fruit Co.,* 634 S.W.2d 677, 679 (Tex.1982). Within this general doctrine, there are two principal categories: (1) claim preclusion (also known as res judicata); and (2) issue preclusion (also known as collateral estoppel). *Barr,* 837 S.W.2d at 628–29 n. 1.

The doctrine of res judicata or claim preclusion holds that a final judgment in an action bars the parties and their privies from bringing a second suit "not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Id.* at 630 (quoting *Texas Water Rights Comm'n. v. Crow Iron Works,* 582 S.W.2d 768, 771–72 (Tex.1979) (emphasis omitted)). Res judicata is frequently characterized as claim preclusion because it bars litigation of all issues connected with a cause of action or defense, which, with the use of diligence, might have been tried in the prior suit. *Russell v. Moeling,* 526 S.W.2d 533, 536 (Tex.1975); *Lopez v. Sulak,* 76 S.W.3d 597, 605 (Tex.App.-Corpus Christi 2002, no pet.). Res judicata involves the dual principles of merger and bar. *Jeanes v. Henderson,* 688 S.W.2d 100, 103 (Tex.1985); *see also Barr,* 837 S.W.2d at 628–29 n. 1. On the one hand, if a plaintiff prevails in a lawsuit, all of his causes of action merge into the judgment. *Jeanes,* 688 S.W.2d at 103; *see also Westinghouse Credit Corp. v. Kownslar,* 496 S.W.2d 531, 532 (Tex.1973). And on the other hand, if the defendant wins the original suit, the plaintiff is barred from bringing another action on claims actually litigated or on claims that could have been litigated in the original cause of action. *Jeanes,* 688 S.W.2d at 103; *see also Crow Iron Works,* 582 S.W.2d at 771–72.

Collateral estoppel is narrower than res judicata. It is frequently characterized as issue preclusion because it bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action. *Wilhite v. Adams,* 640 S.W.2d 875, 876 (Tex.1982) (per curiam); *Benson v. Wanda Petroleum Company,* 468 S.W.2d 361, 362 (Tex.1971). A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. *Trapnell,* 890 S.W.2d at 801; *see also John G. & Marie Stella Kenedy Mem. Found. v. Dewhurst,* 90 S.W.3d 268, 288 n. 65 (Tex.2002) (citing cases).

The Texas Supreme Court has explained that "[d]ue process requires the rule of collateral estoppel operate only against persons who have had their day in court either as a party to the prior suit or as a privy and, where not so, that, at the least, the presently asserted interest was actual-

ly and adequately represented in the prior trial." *Benson,* 468 S.W.2d at 363; *see also Eagle Properties, Ltd. v. Scharbauer,* 807 S.W.2d 714, 721 (Tex.1990). This requirement has also been consistently applied in the context of res judicata. *See, e.g., Compania Financiara Libano v. Simmons,* 53 S.W.3d 365, 367 (Tex.2001) ("The doctrine of res judicata in Texas holds that a final judgment in an action bars the *parties and their privies* from bringing a second suit.") (emphasis added).

▇▇▇▇ Although the circumstances of each case must be examined, generally, parties are in privity for purposes of collateral estoppel and res judicata when: (1) they control an action even if they are not parties to it; (2) their interests are represented by a party to the action; or (3) they are successors in interest, deriving their claims through a party to the prior action. *HECI Exploration Co. v. Neel,* 982 S.W.2d 881, 890 (Tex.1998); *Getty Oil Co. v. Ins. Co. of N. Am.,* 845 S.W.2d 794, 800–01 (Tex.1992); *see also Tarter v. Metropolitan Sav. & Loan Ass'n,* 744 S.W.2d 926, 927 (Tex.1988). Privity connotes those who are so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right. *Benson,* 468 S.W.2d at 363. Privity cannot exist where the parties hold conflicting positions. *See, e.g., Employers Cas. Co. v. Block,* 744 S.W.2d 940, 943 (Tex.1988), *dicta disapproved by State Farm Fire & Cas. Co. v. Gandy,* 925 S.W.2d 696, 714 (Tex. 1996).

In this case, neither defendant claims that Fiallos was a party or in privity with either of the parties to the prior suit. Cox Cars was not a party to that suit, and it has never alleged that it was in privity with the parties to that suit. Thus, neither defendant presented the trial court with an adequate basis for concluding that the par-

ty or privy requirement was met in this instance.

▇▇▇▇ Nevertheless, if the presently asserted interest was actually and adequately represented in the prior trial, the party and privy requirement will not bar res judicata and collateral estoppel. *See, e.g., Benson,* 468 S.W.2d at 363. We must therefore decide whether Fiallos' interests were actually and adequately represented in the collection suit. Fiallos' interest in this case lies in establishing either Pagan–Lewis or Cox Cars (or both) as owning and controlling the truck on the day of the accident and in securing a judgment redressing the injuries caused by the accident. This interest was not represented in the collection action.

In that suit, Pagan–Lewis sued Martin for the purchase price of the truck. Pagan–Lewis's original petition and motion for summary judgment in the collection suit both averred that Martin purchased the truck "on or about September 10, 1997." Likewise, the trial court's order awarding summary judgment to Pagan–Lewis on that collection action declared that Martin–Cox purchased the truck "on or about September 10, 1997." As further explained in the following section, this record does not establish that Fiallos' interest in determining the truck's owner on the precise date in question was represented in the prior case. In fact, the record does not show any contest at all in the prior suit regarding the precise date of sale. The record also gives no indication that either party to the prior lawsuit represented the interest of determining who controlled the truck on the day of the accident. We cannot conclude that Fiallos' interests were actually and adequately represented in the prior action. The defendants were not entitled to summary judgment based on either collateral estoppel or res judicata.

### 3. Impermissible Collateral Attack

The defendants also argued that Fiallos' suit was barred as an impermissible collateral attack on a sister court's judgment. A collateral attack is an attempt to avoid the effect of a judgment in a proceeding brought for some other purpose. *Block*, 744 S.W.2d at 943; *Housing Auth. of Corpus Christi v. Massey*, 878 S.W.2d 624, 626 (Tex.App.-Corpus Christi 1994, no writ); *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 167 (Tex.Civ.App.-Austin 1975, writ ref'd n.r.e.); *see also Kortebein v. Am. Mut. Life Ins. Co.*, 49 S.W.3d 79, 88 (Tex.App.-Austin 2001, pet. denied). It seeks to avoid the prior judgment's binding force in order to obtain specific relief against which the judgment stands as a bar. *Cantu v. Butron*, 921 S.W.2d 344, 348 (Tex.App.-Corpus Christi 1996, writ denied); *Biaza v. Simon*, 879 S.W.2d 349, 353 (Tex.App.-Houston [14th Dist.] 1994, writ denied) (citing *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 327 (1895)). A final judgment from a court of general jurisdiction is not subject to collateral attack in other courts of equal jurisdiction unless the first judgment is void. *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985) (orig.proceeding); *Austin Indep. School Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973); *see also Baze v. Marine Office of Am. Corp.*, 828 S.W.2d 152, 156 (Tex.App.-Corpus Christi 1992, no writ).

We conclude that Fiallos' claims against Pagan–Lewis and Cox Cars do not amount to an impermissible collateral attack because the prior judgment in Pagan–Lewis's collection suit does not stand as a bar to Fiallos' claims in this action. The critical inquiry in this case is whether Pagan–Lewis or Cox Cars owned or controlled the truck on the precise date of September 12, 1997. The judgment in Pagan–Lewis's collection action found that Pagan–Lewis sold the truck to Martin "on or about September 10, 1997." The term "on or about," with respect to a specified date, means generally in time around the date specified. *Fortner v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 687 S.W.2d 8, 11 (Tex.App.-Dallas 1984, writ ref'd n.r.e.). The court's findings in the collection suit are pointedly vague on the precise date of sale, which is understandable because the precise date of sale apparently was not contested in the suit. The record shows that both Pagan–Lewis and the trial court were equally vague on the date of sale: both Pagan–Lewis's motion for summary judgment and the court's summary judgment order describe the sale as occurring "on or about September 10, 1997."

There is no conflict here on which a "collateral attack" defense can be predicated. A judgment against Pagan–Lewis in this case would not affect Pagan–Lewis's prior judgment against Martin. That is, even if Pagan–Lewis is found to have owned or controlled the truck on September 12, it still could have sold it "on or about" September 10. Martin would still be liable for the purchase price of the truck because the "on or about" language used by the prior court allows for the possibility that Pagan–Lewis sold the truck to Martin on any one of a number of different days. *See generally Baker v. State*, 986 S.W.2d 271, 277 (Tex.App.-Texarkana 1998, pet. ref'd). Because Fiallos is not attempting to avoid the effect of a prior judgment, that is, not challenging the sale that took place "on or about" September 10, the defendants were not entitled to summary judgment based on this action being an impermissible collateral attack.

### 4. Genuine Issues of Material Fact

Finally, we must decide whether either of the defendants is entitled to judgment as a matter of law because there is

no genuine issue of material fact as to one or more of the necessary elements of Fiallos' cause of action. The elements of negligent entrustment are (1) entrustment of a vehicle by the owner; (2) to an unlicensed, incompetent, or reckless driver; (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless; (4) that the driver was negligent on the occasion in question; and (5) that the driver's negligence proximately caused the accident. *Schneider v. Esperanza Transmission Co.,* 744 S.W.2d 595, 596 (Tex. 1987); *Nobbie v. Agency Rent-A-Car, Inc.,* 763 S.W.2d 590, 592 (Tex.App.-Corpus Christi 1988, writ denied).

Both defendants argue that no genuine issue of material fact exists regarding the truck's ownership on September 12, 1997. According to the defendants, they did not legally own the truck. Notably, however, several courts have concluded that a non-owner of a vehicle may be held liable for negligent entrustment of the vehicle if the non-owner has the right to control the vehicle. *See, e.g., Morris v. JTM Materials, Inc.,* 78 S.W.3d 28, 52 (Tex.App.-Fort Worth 2002, no pet.) (citing cases); *see also McCarty v. Purser,* 379 S.W.2d 291, 294 (Tex.1964) ("It is ... essential that the party sought to be held legally responsible have the right of control over the vehicle."). With that precept in mind, we review the element of ownership and control.

## A. Pagan–Lewis

■ We begin by evaluating Pagan–Lewis's argument against its ownership and control of the truck on the day of the accident. On the one hand, evidence favoring Pagan–Lewis's position will not be considered unless it is uncontradicted, *see Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965), while on the other hand, evidence favorable to Fiallos will be taken as true, *see Trapnell,* 890 S.W.2d at 800.

The deposition testimony of Martin is favorable to Fiallos.[3] Taken as true, Martin's testimony establishes that he purchased the truck from Pagan–Lewis on September 15 and that Pagan–Lewis owned the truck until that date. According to Martin, he took possession of the truck on September 10 but signed no sales documents until September 15. The paperwork he signed on September 15 was backdated to show that the sale took place on September 11, but despite these backdated documents, Martin explained that he was free to return the truck to Pagan–Lewis at any time before the documents were actually signed and that Pagan–Lewis was likewise free to demand the truck's return. Such loose transaction terms, Martin explained, were typical and routine in his dealings with Pagan–Lewis, a company with which he had conducted business for approximately three-and-a-half years before the accident. Martin explained that over the course of their relationship, he had driven numerous cars off Pagan–Lewis's lot with no obligation to purchase any of them until the paperwork was completed.

Although Pagan–Lewis has submitted evidence and testimony showing that it did not own the truck on the day of the acci-

---

**3.** Martin's deposition testimony was attached to and filed with Fiallos' supplemental response to the motions for summary judgment filed by Pagan–Lewis and Cox Cars. Fiallos' supplemental response includes references to specific portions of Martin's deposition testimony that create a genuine issue of material fact. *See* Tex.R. Civ. P. 166a(c) Thus, this testimony can be considered on appellate review of the trial court's summary judgment order. *See id.; Stewart v. Tex. Lottery Comm'n,* 975 S.W.2d 732, 735 (Tex.App.-Corpus Christi 1998, no pet.) (explaining that any issue which the non-movant claims would justify denying summary judgment must be included in its response).

dent, that evidence is contradicted by Martin's testimony that Pagan–Lewis owned the truck on the day in question. Thus, a genuine issue of material fact exists as to whether Pagan–Lewis owned or controlled the truck on September 12. Pagan–Lewis was not entitled to summary judgment.

## B. Cox Cars

Next, we determine whether Cox Cars established as a matter of law that no genuine issue of material fact exists regarding its ownership and control of the truck on September 12, 1997. The deposition testimony of Pierre Michaud favors Fiallos on this issue.[4] Michaud was Pagan–Lewis's used car manager in September of 1997. Michaud's deposition testimony states that Martin purchased the truck on behalf of Cox Cars from Pagan–Lewis on September 10. Michaud negotiated the sale on behalf of Pagan–Lewis, and after he and Martin reached an agreement on the vehicle's purchase price, Martin drove it off the lot. Michaud testified that he gave Martin possession of the vehicle understanding that Cox Cars was the actual purchaser and that Cox Cars would be responsible for the purchase price. He also testified that he had transacted business with Martin on prior occasions, when Martin was acting on behalf of Cox Cars. According to Michaud, he did not realize that the sale would be to Martin rather than to Cox Cars until September 15, three days after the accident, when he filled out sales documents naming Martin as the truck's purchaser.

Cox Cars objects to the testimony of Michaud because it "consists of statements such as 'I thought, I assumed, I believed, my understanding was, and as far as I was concerned' a sale to Hiram Cox was about to occur on September 10, 1997." According to Cox Cars, the Texas Supreme Court has held that an interested witness's "understandings, estimates and/or beliefs that certain facts were true were not sufficient summary judgment evidence." Cox Cars cites us to *Ryland Group Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex.1996) (per curiam) as support for excluding Michaud's deposition testimony, but there are at least two problems with this argument: (1) Michaud has not been established as an "interested witness" and (2) Michaud gave some admissible direct testimony regarding who controlled the truck on the day of the accident. The following deposition testimony illustrates the fallaciousness of Cox Cars' objection to Michaud's deposition:

Q. [Fiallos's attorney]: Did you think that you had an understanding with Martin Cox about that vehicle being sold to Cox Car Company [on September 10, 1997]?

* * *

A. [MICHAUD:] No. It was not an understanding. It was a fact. It was sold.

* * *

Q. [Fiallos's attorney]: Sold to whom?

A. [MICHAUD:] To Cox Car Company.

---

4. Michaud's deposition testimony was attached to and filed with Fiallos' supplemental response to the motions for summary judgment filed by Pagan–Lewis and Cox Cars. Fiallos' supplemental response includes references to specific portions of Martin's deposition testimony that create a genuine issue of material fact. *See* Tex.R. Civ. P. 166a(c) Thus,

this testimony can be considered on appellate review of the trial court's summary judgment order. *See id.; Stewart v. Tex. Lottery Comm'n*, 975 S.W.2d 732, 735 (Tex.App.-Corpus Christi 1998, no pet.) (explaining that any issue which the non-movant claims would justify denying summary judgment must be included in its response).

Michaud's testimony clearly states, as a matter of fact, that he sold the truck to Martin Cox who was acting for Cox Cars in the matter. We overrule Cox Cars' objection to Michaud's testimony and conclude that it raises a genuine issue of material fact regarding Cox Cars' ownership and control of the truck on the day of the accident.

 Even so, Cox Cars argues that there is no genuine issue of material fact on Cox Cars' ownership of the truck because Fiallos submitted no written documentation into the summary judgment record that memorialized a sale between Pagan–Lewis and Cox Cars. According to Cox Cars, the statute of frauds bars Fiallos from enforcing the terms of any such unwritten agreement. *See* TEX. BUS. & COM.CODE ANN. § 2.201 (Vernon 1994). We appreciate the substance of this argument and overrule it as inapposite. Fiallos is not seeking to enforce a sale between Cox Cars and Pagan–Lewis. It is attempting to establish ownership and control of the vehicle on the day of the accident. No formal documentation is necessary to prove that Cox Cars controlled the truck and that Hiram Cox negligently entrusted it to Martin Cox. *See Garcia v. Cross*, 27 S.W.3d 152, 155 (Tex. App.-San Antonio 2000, no pet.) (holding that negligent entrustment claim could be brought against vehicle-owner's child, who entrusted vehicle to a friend); *see also McCarty*, 379 S.W.2d at 294 (stating that entrustor of vehicle only needs right of control). The statute of frauds does not bar a negligent entrustment claim. Cox Cars was not entitled to summary judgment.

## Conclusion

We hold that summary judgment was improperly awarded in this case. The trial court's orders granting summary judg-ment to Pagan–Lewis and Martin are RE-VERSED, and the case is REMANDED for further proceedings consistent with this opinion.