COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-411-CV

SUSAN ELAINE RANGEL APPELLANT

V.

GUSTAVO ALFRED RANGEL,         APPELLEES

TATUM CFO PARTNERS, LLP, 

AS RECEIVER, KEITH LENNON, 

INDIVIDUALLY AND AS AN AGENT 

FOR RECEIVER, NORTHLAKE 

SUPPLY COMPANY, INC., AND 

TIMOTHY ZIMMERMAN 

------------

FROM THE 158TH
  DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. Introduction 

In two issues, Appellant Susan Elaine Rangel (“Susan”) appeals the trial court’s granting of summary judgments in favor of Appellees.  We affirm.

II. Factual and Procedural Background

Susan and Appellee Gustavo Alfred Rangel (“Gustavo”) were divorced in November 2001.  During their marriage, Susan and Gustavo purchased a beverage service company named Northlake Supply Company (Appellee “Northlake”).  In their divorce decree, the court ordered that Appellee Tatum CFO Partners, LLP (“Tatum”) be appointed receiver to oversee the sale of Northlake, among other marital assets.  Appellee Keith Lennon (“Lennon”), of Tatum, was assigned to oversee and manage the sale of Northlake.  Pursuant to the divorce decree, Gustavo was to continue to operate Northlake as its chief operating officer with a reduced salary.

In August 2002, Appellee Timothy Zimmerman (“Zimmerman”) offered to purchase Northlake for $10,000 plus an assumption of all debt.  Lennon claimed that he sought approval from Susan, but received no response.  In October 2002, after the sale of Northlake to Zimmerman was closed, Susan moved to set aside the sale arguing that the sale was not a bona fide, arms-length transaction.  On October 31, 2002, the trial court endorsed Tatum’s and Lennon’s actions, approved and ratified the sale, and denied Susan’s motion to set aside the sale.  Susan did not appeal any portion of the divorce proceedings, including the denial of her motion to set aside the sale.  

Susan now claims that sometime after the conclusion of the divorce proceedings she became aware of facts and circumstances that had changed or come to light regarding the sale of the company.  In July 2004, Susan filed the current action and claimed she was deceived and defrauded by the sale of Northlake and sought a temporary restraining order.  On September 12, 2005, the trial court signed an order granting Tatum and Lennon’s motion for summary judgment.  On November 17, 2005, the trial court granted a summary judgment motion in favor of the remaining Appellees Gustavo, Northlake, and Zimmerman.  This appeal followed.    

III. Summary Judgment Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.  
Sw. Elec. Power Co., 
73 S.W.3d at 215.

When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.
  Valence Operating Co. v. Dorsett
, 164 S.W.3d 656, 661 (Tex. 2005).
  
Evidence that favors the movant’s position will not be considered unless it is uncontroverted.  
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.
, 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.  
Clear Creek Basin
, 589 S.W.2d at 678. 
 

IV. Res Judicata and Collateral Estoppel

 Res judicata, also known as claim preclusion, prevents the re-litigation of a finally adjudicated claim and related matters that should have been litigated in a prior suit.  
State & County Mut. Fire Ins. Co. v. Miller
, 52 S.W.3d 693, 696 (Tex. 2001) (per curiam).  The doctrine also precludes claims or defenses that, through diligence, should have been litigated in the prior suit but were not.  
See Ingersoll-Rand Co. v. Valero Energy Corp.
, 997 S.W.2d 203, 206–07 (Tex. 1999).  Res judicata requires proof of the following elements:  (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.  
Espeche v. Ritzell
, 123 S.W.3d 657, 665 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).     

The Texas Supreme Court has adopted a transactional approach to determine whether a particular claim should have been pursued in prior litigation.  
See Miller
, 52 S.W.3d at 696; 
Sanders v. Blockbuster, Inc.
, 127 S.W.3d 382, 386 (Tex. App.—Beaumont 2004, pet. denied).  This approach “provides that a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose.”  
Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.
, 837 S.W.2d 627, 631 (Tex. 1992).  This determination “requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action.”  
Id.
 at 630; 
accord Loy v. Harter
, 128 S.W.3d 397, 406 (Tex. App.—Texarkana 2004, pet. denied).  

By comparison, collateral estoppel is more narrow in one sense than res judicata because it precludes only the relitigation of issues which were actually litigated in a prior suit.  
Van Dyke v. Boswell, O'Toole, Davis & Pickering
, 697 S.W.2d 381, 384 (Tex. 1985); 
Fiallos v. Pagan-Lewis Motors, Inc.
, 147 S.W.3d 578, 584 (Tex. App.—Corpus Christi 2004, pet. denied); 
Tex. Capital Sec. Mgmt., Inc. v. Sandefer
, 80 S.W.3d 260, 264 (Tex. App.—Texarkana 2002, pet. struck).  “Thus, unlike the broader res judicata doctrine, collateral estoppel analysis does not focus on what could have been litigated, but only on what was actually litigated and essential to the judgment.”  
Van Dyke
, 697 S.W.2d at 384; 
Tex. Capital Sec. Mgmt.
,
 
80 S.W.3d at 264.  

V. Motions for Summary Judgment

In her first issue, Susan asserts the trial court erred by granting Tatum and Lennon’s motion for summary judgment.  Tatum and Lennon asserted collateral estoppel, res judicata, and judicial immunity as three alternative grounds for summary judgment.  In her second issue, Susan contends that the trial court also erred by granting Gustavo, Northlake, and Zimmerman’s motion for summary judgment.  Gustavo, Northlake, and Zimmerman asserted collateral estoppel and res judicata as grounds for their summary judgment motion.  Because the relevant facts and circumstances relating to Susan’s two issues are intertwined, we shall discuss them together.      

If the trial court does not specify the ground upon which it granted summary judgment, the judgment must be upheld if we hold that any one of the grounds is meritorious.  
See Western Invs., Inc. v. Urena
, 162 S.W.3d 547, 550 (Tex. 2005).  Thus, because we hold that all of Susan’s claims were barred by the more broad res judicata, we need not determine whether her claims were also barred by collateral estoppel or judicial immunity.

A. Final Judgment

In relation to Susan’s motion to set aside the sale, she called two witnesses, including Lennon, and both sides gave closing arguments.  The trial court then entered a final judgment when it denied Susan’s motion to set aside the sale.  Thus, the first res judicata element is met.

B. Identity of Parties 

Susan argues that neither Tatum nor Lennon were adversaries in her divorce case from which the motion to set aside arose.  However, Tatum was appointed as the receiver to sell Northlake, and Lennon was appointed to oversee the sale.  Thus, Tatum and Lennon were cast as adversaries to Susan when she moved to have the sale set aside on the grounds that it was not a “bona fide, arms-length transaction for value.”  It is obvious that Gustavo, as a divorcing spouse, was a party to the divorce proceeding.  Likewise, Northlake, the company at issue, as well as Zimmerman as purchaser, were necessarily parties concerning Susan’s claim that the sale was not legitimate.  Therefore, the identity of the opposing parties to both the motion to set aside the sale and the current case are identical and thus the second res judicata element is met.

C. Same Claim 

The next determination is whether Susan’s second action is based on the same claims that could have been raised in the first action. The basis for Susan’s motion to set aside the sale was that the transaction was “not a bona fide arms-length transaction for value.”  Thus, the issues of Appellees’ good faith and the propriety of the sale of Northlake were essential to the first judgment because they were the basis of Susan’s claim heard at the October 2002 hearing.  Susan now seeks damages from Appellees under various theories of recovery, all stemming from the allegation that the sale was not made in good faith, the same argument she made and lost in 2002.  

Susan did not appeal the denial of that motion.  She argues that she did not do so because “it would have been costly to appeal the trial court’s decision in her divorce proceeding; family law attorneys are paid by the hour and Susan Rangel was a single mother with limited funds.”  Although this may be true, we find it an unpersuasive reason to disregard the application of res judicata, allowing Susan to relitigate her claims a second time.  Moreover, by making this argument Susan indirectly admits that she should have appealed the denial of her motion to set aside because it involved the same claims as her current actions.  Therefore, we hold the final res judicata element is met.

D. New Facts 

Susan claims material facts have changed or come to light that were unknown to her at the time of the motion to set aside the sale and thus could not have been pled or brought before the court precluding the application of res judicata.  She argues that these allegedly unknown facts preclude the application of res judicata to her claims.  Susan contends she was unaware of Gustavo’s use of Northlake’s funds for personal expenses, the source of the funds Zimmerman used to purchase Northlake, Zimmerman’s insider relationship and financial ability, Tatum’s and Lennon’s failure to audit and account for Northlake’s expenses, that no transfer of Northlake ever occurred, and whether the purchase of Northlake was made without fraud.  

Susan also claims that by now seeking recompense from Appellees, she is asserting new claims for relief not asserted in her motion to set aside the sale.  However, in a letter from Susan’s counsel to Lennon dated prior to the October 2002 hearing on the motion to set aside, Susan raised the identical issues that she raised later in this current action.  Susan correctly points out that the letter did not constitute a lawsuit or a claim with the court.  However, the letter is still relevant as to whether she 
could
 have raised the issues previously, which is the basis of res judicata.  Furthermore, Susan ties this assertion to her claim that the issue of whether the sale of Northlake was fraudulent remains undetermined.  As pointed out above, the issue of whether the sale was conducted in good faith was at the heart of both Susan’s motion to set aside and her current claims.  Therefore, the court spoke on this issue when it denied Susan’s motion to set aside the sale.      

Assuming Susan’s alleged lack of knowledge of the above facts and circumstances is true, that again does not determine whether she 
could 
have discovered these facts.  In her reply brief Susan argues that she was not required to conduct her own investigation during the divorce proceedings regarding the sale of Northlake.  Susan claims that because the trial court had appointed Tatum receiver and Lennon to oversee the sale, Tatum and Lennon had a fiduciary duty to Susan and as such, Susan was justified in relying on them to make sure the sale was proper.  However, Susan does not cite any authority for the proposition that she need not conduct her own investigation to support her claims and thus, we reject this argument.  The alleged facts Susan complains of were all in existence at the time of the October 2002 hearing on the motion to set aside the sale.   Moreover, Susan raised concerns about the sale to the trial court, but failed to pursue those concerns and failed to diligently bring those issues before the court.

Reasonable diligence by Susan at the time of the sale and prior to the October 2002 hearing would have revealed the facts upon which she relied for her claims against Appellees.  By October 2002, Susan, had she sought discovery, could have determined any facts relating to the alleged impropriety surrounding the sale.  The fact that Susan failed to avail herself of all appropriate discovery methods cannot now be the reason why Appellees must defend against claims that should have already been brought.  Accordingly, we hold that the facts alleged by Susan are not new or changed and do not preclude the
 
application of res judicata.

E. Result 

For these reasons, we hold that res judicata bars Susan from relitigating her claims against Appellees.  Accordingly, based on the appropriate standard of review, we hold that the trial court did not err by granting Tatum and Lennon’s motion for summary judgment nor by granting Gustavo, Northlake, and Zimmerman’s motion for summary judgment.

We overrule Susan’s two issues.

VI.
 
Conclusion

Having overruled Susan’s two issues, we affirm the trial court’s judgment.  

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; WALKER and MCCOY, JJ.

DELIVERED: February 1, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.