**Opinion filed September 8, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00059-CV

_____

## WILLIAM SCOTT FEAGAN, AS INDEPENDENT EXECUTOR OF THE ESTATE OF PATTY LOU FEAGAN, DECEASED, ET AL., Appellants[1]

## V.

## PATRICIA DIANNE WILSON AND STEPHEN WYNNE FEAGAN, JR., Appellees

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 023710**

## M E M O R A N D U M   O P I N I O N

In this permissive interlocutory appeal, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2021), we are tasked with deciding whether res judicata precludes Appellants from claiming the nonexistence of an alleged entity known as the Feagan Brothers partnership (Feagan Bros.). We hold that res judicata

---

[1]Appellants are William Scott Feagan, as independent executor of the Estate of Patty Lou Feagan, deceased; William Scott Feagan, as co-trustee of the Charles Bruce Feagan Trust; William Scott Feagan, as successor administrator with will annexed of the Estate of Elmer Clyde Feagan, Jr., deceased; William Scott Feagan, individually; and Charles Bruce Feagan, individually.

is inapplicable because Appellants were neither parties nor in privity with any parties to the prior lawsuit in which the existence and ownership of Feagan Bros. was established.

*Background*

According to Appellees, in the early 1950s, Elmer Clyde Feagan (Elmer) and Richard Feagan (Richard) entered into an oral partnership agreement to form Feagan Bros. The purpose of the partnership was to purchase oil, gas, and mineral properties in Texas and divide the royalties equally. To that end, Feagan Bros. created a bank account at Anson National Bank in 1958. From 1959 onward, Elmer purchased mineral and nonparticipating royalty interests throughout Texas. Though these properties were titled in Elmer's name, they were purchased on behalf of and for the benefit of Feagan Bros. The royalties were deposited in the Feagan Bros. bank account and split evenly between the two partners.

Elmer died testate in 1984, devising his property equally to his four children: Patricia Dianne Wilson (Wilson), Stephen Wynne Feagan Sr. (Stephen Sr.), William Scott Feagan (William), and Charles Bruce Feagan (Charles). He named his wife, Patty Lou Feagan (Patty), as independent executrix of his estate, and she continued depositing royalties into the Feagan Bros. bank account until her death in 1995. Wilson and Stephen Sr. became independent co-executors of Elmer's estate and also continued depositing royalties into the Feagan Bros. bank account.[2] Then, in 1999, Wilson purchased Richard's one-half interest in Feagan Bros. After the purported purchase, the royalties were divided as follows: five-eighths to Wilson, one-eighth to Stephen Sr., one-eighth to William, and one-eighth to Charles.

---

[2]In November of 2016, the 259th District Court of Jones County, removed Wilson from her role as executrix of Elmer's estate because she, *inter alia*, "embezzled all or part of the estate[,]" "misapplied all or part of the estate[,]" and "failed to make the required accounting of the estate[.]" William was appointed as successor executor of Elmer's estate. In March of the same year, the trial court also removed Wilson and Stephen Jr. from their roles as independent co-executors of Patty's estate, leaving William as its sole executor.

Appellants depart from Appellees' account in that Appellants deny that any Feagan Bros. partnership ever existed. Appellants claim that all of the properties that Elmer allegedly purchased on behalf of that partnership were actually purchased solely by Elmer for himself. They emphasize that the properties that Elmer purchased were all titled in his name alone. They claim that Wilson fraudulently used the guise of a nonexistent partnership in order to enrich herself at the expense of the beneficiaries of Elmer's estate.

*The Original Suits – Cause Nos. 20,244 and 20,244-B*

In 2003, Wilson, William, and Jack Willingham, as then-Trustee of the Charles Bruce Feagan Trust (the CBF Trust), sued Jeanette Feagan (Jeanette) and her son, Stephen Feagan Jr. (Stephen Jr.), in the 259th District Court of Jones County, to partition some real property. Jeanette and Stephen Jr. counterclaimed, *inter alia*, that in 1999 their late husband and father, Stephen Sr., had purchased, alongside Wilson, Richard's one-half interest in the putative Feagan Bros. Wilson and William answered, asserting the affirmative defenses of statute of frauds and lack of consideration.

Jeanette moved for partial summary judgment on her counterclaim, arguing that there were no genuine issues of material fact as to Stephen Sr.'s purchase of one-half of Feagan Bros. from Richard. Wilson then moved for no-evidence partial summary judgment on the ground that Jeanette failed to present any evidence of consideration given by Stephen Sr. in exchange for Richard's interest in Feagan Bros. The trial court denied both motions. The trial court then severed Wilson's and Jeanette's claims regarding Feagan Bros. from the original partition suit. The original partition suit became Cause No. 20,244-B, while the severed Feagan Bros. suit became Cause No. 20,244. Stephen Jr. gave notice of nonsuit in Cause No. 20,244, leaving Jeanette and Wilson as the sole parties to that lawsuit.

3

On December 6, 2006, after a jury found that Stephen Sr. had never purchased any interest in Feagan Bros. from Richard, the trial court entered a final judgment in Cause No. 20,244, declaring that "Wilson own[ed] a five-eighths interest in the entity known as Feagan Bro[s]."

*The Present Suit – Cause No. 023710*

In November of 2017, Appellants sued Appellees in the 259th District Court of Jones County, arguing that Wilson breached her fiduciary duties to the beneficiaries of the estates she formerly oversaw[3]—before being removed for cause—by creating a fictional partnership in order to "launder royalty checks payable to the Estate of [Elmer]" and thereby "take one-half of the minerals and royalties owned by the Estate." Among other things, Appellants sought actual and exemplary damages of $1,000,000, respectively. In their answer, Appellees asserted various affirmative defenses, including res judicata.

Appellees moved for partial summary judgment, arguing that Appellants are barred by res judicata from claiming that Wilson fabricated Feagan Bros. in order to defraud the estates of Elmer and Patty, and their beneficiaries, because the trial court had already declared that the partnership existed in Cause No. 20,244 and that Wilson owned five-eighths of it by virtue of her purchase of Richard's one-half interest in 1999. The trial court granted Appellees' motion "on the ground of res judicata,"[4] but gave permission for Appellants to file an interlocutory appeal from the order.

---

[3]*Supra* note 2.

[4]Appellees argued five bases for partial summary judgment: (1) res judicata; (2) judicial admission; (3) collateral estoppel; (4) estoppel; and (5) quasi-estoppel. For purposes of this interlocutory appeal, as a controlling question of law, the trial court granted partial summary judgment only on the affirmative defense of res judicata. Accordingly, we express no opinions on the merits of the alternate bases (2) through (5) above.

*Jurisdiction – Permissive Interlocutory Appeals*

"Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides such jurisdiction." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). Under Section 51.014(d) of the Civil Practice and Remedies Code, trial courts *may* permit parties to appeal from an interlocutory order that is not otherwise appealable if (1) the order "involves a controlling question of law as to which there is a substantial ground for difference of opinion," and (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Indus. Specialists, LLC v. Blanchard Ref. Co.*, No. 20-0174, 2022 WL 2082236, at *2 (Tex. June 10, 2022) (quoting CIV. PRAC. & REM. § 51.014(d)); *see also* TEX. R. CIV. P. 168. And under subsection (f), appellate courts *may* accept the appeal if it is timely filed and explains why it is warranted under subsection (d). *Id.* When these conditions have been satisfied, courts have "vast—indeed, unfettered—discretion" in choosing whether to "accept or permit the appeal." *Indus. Specialists*, 2022 WL 2082236, at *3. A controlling question of law is one that (1) deeply affects the ongoing process of litigation, and (2) the resolution of which will considerably shorten the time, effort, and expense of fully litigating the case. *Gulf Coast Asphalt Co. v. Lloyd*, 457 S.W.3d 539, 544–45 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

The trial court gave Appellants permission to file an interlocutory appeal. The trial court identified res judicata as a controlling question of law about which there is substantial ground for disagreement. The trial court also found that an immediate appeal would materially advance the resolution of the case because "[t]he existence and ownership of Feagan Bro[s.] . . . is a central question to [Appellants'] various causes of action for breach of fiduciary duty, self-dealing, fraud, and negligence[.]" In the exercise of our discretion, we elected to accept the appeal.

*Discussion*

I. *The trial court erred in granting partial summary judgment to Appellees; res judicata does not preclude Appellants' claims.*

A. *Standard of Review*

We review a trial court's grant of summary judgment de novo. *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). A party moving for traditional summary judgment has the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). "[A] defendant who . . . conclusively establishes all the elements of an affirmative defense is entitled to summary judgment." *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). "We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion." *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021).

B. *Applicable Law*

The doctrine of res judicata, or claim preclusion, "bars causes of action that have already been fully adjudicated or that, with the use of diligence, could have been brought in the prior suit." *Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 225 (Tex. 2022) (citing *Eagle Oil & Gas Co.*, 619 S.W.3d at 705). A "logical corollary" to this rule is that "the res judicata effects of an action cannot preclude litigation of claims that a trial court explicitly separates or severs from that action." *Rosetta Res. Operating, LP*, 645 S.W.3d at 225–26 (quoting *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex. 1985)). Res judicata requires proof of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action." *Id.* at 225 (quoting *Amstadt v. U.S. Brass Corp.*, 919

S.W.2d 644, 652 (Tex. 1996)). "Parties may be in privity if (1) they 'control an action,' (2) 'their interests can be represented by a party to the action,' or (3) they are 'successors in interest.'" *Id.* (quoting *Amstadt*, 919 S.W.2d at 653).

C. *Analysis*

Res judicata cannot be used to preclude litigation of claims in a subsequent suit when the trial court is responsible for severing or separating those claims from the prior suit. *Van Dyke*, 697 S.W.2d at 384. All but one of the appellants[5] were parties to the original partition suit before it was severed from Cause No. 20,244 into Cause No. 20,244-B. Claims regarding the existence and ownership of Feagan Bros. were litigated and finally decided in Cause No. 20,244; however, those claims had been severed and separated from the original partition suit to which Appellants were actual parties. Thus, none of the appellants was a party to Cause No. 20,244 when the trial court entered its final judgment in that case. As such, Appellants were not parties to the claims that were litigated and finally disposed in Cause No. 20,244 for purposes of res judicata. Res judicata, therefore, would not preclude Appellants' claims in the matter before us unless they were in privity with one of the parties to Cause No. 20,244.

The only parties to Cause No. 20,244, post-severance, were Appellees (as plaintiffs) and Jeanette (as the sole defendant). Crucially, each of these parties claimed that Feagan Bros. existed, though they disputed whether Wilson alone purchased half of the partnership from Richard or whether Stephen Sr. had contributed to that purchase. The positions taken by the parties to Cause No. 20,244, in other words, were wholly inconsistent with Appellants' position that Feagan Bros.

---

[5]Based on the appellate record before us, it appears that William Feagan, in his capacity as successor administrator with will annexed of Elmer's estate, was a party to neither Cause No. 20,244 nor 20,244-B. *See Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984) (explaining that "[a] party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity" (quoting the Restatement (Second) of Judgments § 36(2) (1982))).

never existed.  Thus, we cannot say that Appellants are "so connected with a party to the judgment [in Cause No. 20,244] as to have such an identity of interest[s] that the party to the judgment represented the same legal right." *Fiallos v. Pagan-Lewis Motors, Inc.*, 147 S.W.3d 578, 585 (Tex. App.—Corpus Christi–Edinburg 2004, pet. denied).  Rather, Appellants' position is in conflict with the positions taken by the parties in Cause No. 20,244, and privity cannot exist where the parties hold conflicting positions.  *See id.*

Thus, we hold that Appellants were not in privity with any of the parties to Cause No. 20,244.  As such, res judicata does not bar Appellants from litigating their claim that Wilson fraudulently enriched herself by purporting to purchase a one-half interest in a nonexistent partnership.  Because we hold that the trial court erred in granting partial summary judgment to Appellees on the ground of res judicata, we sustain Appellants' sole issue on appeal.

*This Court's Ruling*

Having decided the controlling question of law in Appellants' favor, we reverse the trial court's order granting partial summary judgment, and we remand the cause for further proceedings.


W. BRUCE WILLIAMS
JUSTICE


September 8, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.