COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                       NO.
02-05-411-CV

 

SUSAN ELAINE RANGEL                                                       APPELLANT

 

                                                   V.

 

GUSTAVO
ALFRED RANGEL,                                                  APPELLEES

TATUM CFO PARTNERS, LLP, 

AS RECEIVER, KEITH LENNON, 

INDIVIDUALLY AND AS AN AGENT 

FOR RECEIVER, NORTHLAKE 

SUPPLY COMPANY, INC., AND 

TIMOTHY ZIMMERMAN                                                                        

 

                                              ------------

 

            FROM
THE 158TH  DISTRICT COURT
OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. Introduction 

In two issues, Appellant
Susan Elaine Rangel (ASusan@) appeals the trial court=s granting of summary judgments in favor of Appellees.  We affirm.








II. Factual and Procedural
Background

Susan and Appellee Gustavo
Alfred Rangel (AGustavo@) were divorced in November 2001. 
During their marriage, Susan and Gustavo purchased a beverage service
company named Northlake Supply Company (Appellee ANorthlake@).  In their divorce decree, the court ordered
that Appellee Tatum CFO Partners, LLP (ATatum@) be
appointed receiver to oversee the sale of Northlake, among other marital
assets.  Appellee Keith Lennon (ALennon@), of Tatum,
was assigned to oversee and manage the sale of Northlake.  Pursuant to the divorce decree, Gustavo was
to continue to operate Northlake as its chief operating officer with a reduced
salary.

In August 2002, Appellee
Timothy Zimmerman (AZimmerman@) offered to purchase Northlake for $10,000 plus an assumption of all
debt.  Lennon claimed that he sought
approval from Susan, but received no response. 
In October 2002, after the sale of Northlake to Zimmerman was closed,
Susan moved to set aside the sale arguing that the sale was not a bona fide,
arms-length transaction.  On October 31,
2002, the trial court endorsed Tatum=s and Lennon=s actions,
approved and ratified the sale, and denied Susan=s motion to set aside the sale. 
Susan did not appeal any portion of the divorce proceedings, including
the denial of her motion to set aside the sale. 









Susan now claims that
sometime after the conclusion of the divorce proceedings she became aware of
facts and circumstances that had changed or come to light regarding the sale of
the company.  In July 2004, Susan filed
the current action and claimed she was deceived and defrauded by the sale of
Northlake and sought a temporary restraining order.  On September 12, 2005, the trial court signed
an order granting Tatum and Lennon=s motion for summary judgment. 
On November 17, 2005, the trial court granted a summary judgment motion
in favor of the remaining Appellees Gustavo, Northlake, and Zimmerman.  This appeal followed.    

III. Summary Judgment
Standard of Review

In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of
Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.  Sw. Elec. Power
Co., 73 S.W.3d at 215.








When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant, and we
indulge every reasonable inference and resolve any doubts in the nonmovant's
favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  Evidence that favors the movant=s position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).

The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.  Clear Creek Basin, 589 S.W.2d at 678.        

IV. Res Judicata and
Collateral Estoppel








 Res judicata, also known as claim preclusion,
prevents the re‑litigation of a finally adjudicated claim and related
matters that should have been litigated in a prior suit.  State & County Mut. Fire Ins. Co. v.
Miller, 52 S.W.3d 693, 696 (Tex. 2001) (per curiam).  The doctrine also precludes claims or
defenses that, through diligence, should have been litigated in the prior suit
but were not.  See Ingersoll‑Rand
Co. v. Valero Energy Corp., 997 S.W.2d 203, 206B07 (Tex. 1999).  Res judicata
requires proof of the following elements: 
(1) a prior final judgment on the merits by a court of competent
jurisdiction; (2) identity of parties or those in privity with them; and (3) a
second action based on the same claims as were raised or could have been raised
in the first action.  Espeche v.
Ritzell, 123 S.W.3d 657, 665 (Tex. App.CHouston [14th Dist.] 2003, pet. denied).     

The Texas Supreme Court has
adopted a transactional approach to determine whether a particular claim should
have been pursued in prior litigation.  See
Miller, 52 S.W.3d at 696; Sanders v. Blockbuster, Inc., 127 S.W.3d
382, 386 (Tex. App.CBeaumont
2004, pet. denied).  This approach Aprovides that a final judgment on an action extinguishes the right to
bring suit on the transaction, or series of connected transactions, out of
which the action arose.@  Barr v. Resolution Trust Corp. ex rel.
Sunbelt Fed. Sav., 837 S.W.2d 627, 631 (Tex. 1992).  This determination Arequires an analysis of the factual matters that make up the gist of
the complaint, without regard to the form of action.@  Id. at 630; accord
Loy v. Harter, 128 S.W.3d 397, 406 (Tex. App.CTexarkana 2004, pet. denied).  








By comparison, collateral
estoppel is more narrow in one sense than res judicata because it precludes
only the relitigation of issues which were actually litigated in a prior
suit.  Van Dyke v. Boswell, O'Toole,
Davis & Pickering, 697 S.W.2d 381, 384 (Tex. 1985); Fiallos v. Pagan‑Lewis
Motors, Inc., 147 S.W.3d 578, 584 (Tex. App.CCorpus Christi 2004, pet. denied); Tex. Capital Sec. Mgmt., Inc. v.
Sandefer, 80 S.W.3d 260, 264 (Tex. App.CTexarkana 2002, pet. struck).  AThus, unlike the broader res judicata doctrine, collateral estoppel
analysis does not focus on what could have been litigated, but only on what was
actually litigated and essential to the judgment.@  Van Dyke, 697 S.W.2d at
384; Tex. Capital Sec. Mgmt., 80 S.W.3d at 264.  

V. Motions for Summary
Judgment

In her first issue, Susan
asserts the trial court erred by granting Tatum and Lennon=s motion for summary judgment. 
Tatum and Lennon asserted collateral estoppel, res judicata, and
judicial immunity as three alternative grounds for summary judgment.  In her second issue, Susan contends that the
trial court also erred by granting Gustavo, Northlake, and Zimmerman=s motion for summary judgment. 
Gustavo, Northlake, and Zimmerman asserted collateral estoppel and res
judicata as grounds for their summary judgment motion.  Because the relevant facts and circumstances
relating to Susan=s two issues
are intertwined, we shall discuss them together.      

If the trial court does not
specify the ground upon which it granted summary judgment, the judgment must be
upheld if we hold that any one of the grounds is meritorious.  See Western Invs., Inc. v. Urena, 162
S.W.3d 547, 550 (Tex. 2005).  Thus,
because we hold that all of Susan=s claims were barred by the more broad res judicata, we need not
determine whether her claims were also barred by collateral estoppel or
judicial immunity.

 








A. Final Judgment

In relation to Susan=s motion to set aside the sale, she called two witnesses, including
Lennon, and both sides gave closing arguments. 
The trial court then entered a final judgment when it denied Susan=s motion to set aside the sale. 
Thus, the first res judicata element is met.

B. Identity of Parties 

Susan argues that neither
Tatum nor Lennon were adversaries in her divorce case from which the motion to
set aside arose.  However, Tatum was
appointed as the receiver to sell Northlake, and Lennon was appointed to
oversee the sale.  Thus, Tatum and Lennon
were cast as adversaries to Susan when she moved to have the sale set aside on
the grounds that it was not a Abona fide, arms-length transaction for value.@  It is obvious that Gustavo, as
a divorcing spouse, was a party to the divorce proceeding.  Likewise, Northlake, the company at issue, as
well as Zimmerman as purchaser, were necessarily parties concerning Susan=s claim that the sale was not legitimate.  Therefore, the identity of the opposing
parties to both the motion to set aside the sale and the current case are
identical and thus the second res judicata element is met.

C. Same Claim 








The next determination is
whether Susan=s second
action is based on the same claims that could have been raised in the first
action. The basis for Susan=s motion to set aside the sale was that the transaction was Anot a bona fide arms-length transaction for value.@  Thus, the issues of Appellees= good faith and the propriety of the sale of Northlake were essential
to the first judgment because they were the basis of Susan=s claim heard at the October 2002 hearing.  Susan now seeks damages from Appellees under
various theories of recovery, all stemming from the allegation that the sale
was not made in good faith, the same argument she made and lost in 2002.  

Susan did not appeal the
denial of that motion.  She argues that
she did not do so because Ait would have been costly to appeal the trial court=s decision in her divorce proceeding; family law attorneys are paid by
the hour and Susan Rangel was a single mother with limited funds.@  Although this may be true, we
find it an unpersuasive reason to disregard the application of res judicata,
allowing Susan to relitigate her claims a second time.  Moreover, by making this argument Susan
indirectly admits that she should have appealed the denial of her motion to set
aside because it involved the same claims as her current actions.  Therefore, we hold the final res judicata
element is met.

D. New Facts 








Susan claims material facts
have changed or come to light that were unknown to her at the time of the
motion to set aside the sale and thus could not have been pled or brought
before the court precluding the application of res judicata.  She argues that these allegedly unknown facts
preclude the application of res judicata to her claims.  Susan contends she was unaware of Gustavo=s use of Northlake=s funds for personal expenses, the source of the funds Zimmerman used
to purchase Northlake, Zimmerman=s insider relationship and financial ability, Tatum=s and Lennon=s failure to
audit and account for Northlake=s expenses, that no transfer of Northlake ever occurred, and whether
the purchase of Northlake was made without fraud.  

Susan also claims that by now
seeking recompense from Appellees, she is asserting new claims for relief not
asserted in her motion to set aside the sale. 
However, in a letter from Susan=s counsel to Lennon dated prior to the October 2002 hearing on the
motion to set aside, Susan raised the identical issues that she raised later in
this current action.  Susan correctly
points out that the letter did not constitute a lawsuit or a claim with the
court.  However, the letter is still
relevant as to whether she could have raised the issues previously,
which is the basis of res judicata. 
Furthermore, Susan ties this assertion to her claim that the issue of
whether the sale of Northlake was fraudulent remains undetermined.  As pointed out above, the issue of whether
the sale was conducted in good faith was at the heart of both Susan=s motion to set aside and her current claims.  Therefore, the court spoke on this issue when
it denied Susan=s motion to
set aside the sale.      








Assuming Susan=s alleged lack of knowledge of the above facts and circumstances is true,
that again does not determine whether she could have discovered these
facts.  In her reply brief Susan argues
that she was not required to conduct her own investigation during the divorce
proceedings regarding the sale of Northlake. 
Susan claims that because the trial court had appointed Tatum receiver
and Lennon to oversee the sale, Tatum and Lennon had a fiduciary duty to Susan
and as such, Susan was justified in relying on them to make sure the sale was
proper.  However, Susan does not cite any
authority for the proposition that she need not conduct her own investigation
to support her claims and thus, we reject this argument.  The alleged facts Susan complains of were all
in existence at the time of the October 2002 hearing on the motion to set aside
the sale.   Moreover, Susan raised
concerns about the sale to the trial court, but failed to pursue those concerns
and failed to diligently bring those issues before the court.








Reasonable diligence by Susan
at the time of the sale and prior to the October 2002 hearing would have
revealed the facts upon which she relied for her claims against Appellees.  By October 2002, Susan, had she sought
discovery, could have determined any facts relating to the alleged impropriety
surrounding the sale.  The fact that
Susan failed to avail herself of all appropriate discovery methods cannot now
be the reason why Appellees must defend against claims that should have already
been brought.  Accordingly, we hold that
the facts alleged by Susan are not new or changed and do not preclude the application
of res judicata.

E. Result 

For these reasons, we hold
that res judicata bars Susan from relitigating her claims against
Appellees.  Accordingly, based on the
appropriate standard of review, we hold that the trial court did not err by
granting Tatum and Lennon=s motion for
summary judgment nor by granting Gustavo, Northlake, and Zimmerman=s motion for summary judgment.

We overrule Susan=s two issues.

VI. Conclusion

Having overruled Susan=s two issues, we affirm the trial court=s judgment.  

 

 

BOB MCCOY

JUSTICE

 

PANEL A:   CAYCE, C.J.; WALKER and MCCOY, JJ.

 

DELIVERED:
February 1, 2007











[1]See Tex. R. App. P. 47.4.